[Civ. No. 35778. First Dist., Div. Two. Nov. 3, 1975.]

KEN M. KAWAICHI et al., Plaintiffs and Appellants, v.
FRANK I. MADIGAN et al., Defendants and Respondents.

462

## COUNSEL

Alan F. Neckritz, Robert Chartoff, Clifford Sweet, Brundage, Neyhart, Beeson & Tayer, Peter Nussbaum, Sidney M. Wolensky, Guylia Panomareff, Robert A. Baines, Gilbert T. Graham and Richard P. Berg for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci, W. Eric Collins and Clifford K. Thompson, Jr., Deputy Attorneys General, for Defendants and Respondents.

## OPINION

THE COURT.*—Plaintiffs, as representatives of a class, filed this taxpayers' suit against defendants, the Alameda County Sheriff and the presiding judges of the several municipal court districts of Alameda County (hereafter officials), to challenge the constitutionality of present practices pursuant to Penal Code sections 1318 and 1318.2, providing for release of arrestees on their own recognizance ("OR"). After preliminary stages, the officials moved for judgment on the pleadings;[1] the taxpayers moved for summary judgment. The lower court denied the summary judgment and entered judgment on the pleadings after finding that the complaint failed to state a cause of action.[2]

---

*Before Taylor, P. J., Kane, J., and Rouse, J.

[1]A defendant prior to trial may move for judgment on the pleadings on the same grounds as could be urged by general demurrer, i.e., the plaintiffs' complaint fails to state a cause of action (4 Witkin, Cal. Procedure, § 161, p. 2816).

[2]Several procedural issues were raised before the trial court which were disposed of in the well-reasoned memorandum of decision filed below, as follows: "Plaintiffs correctly

Since this appeal is from a judgment on the pleadings, the facts are derived therefrom. The taxpayers are paying taxes to Alameda County that, in turn, pay to house, feed and guard arrestees who, except for the present practices, should be out of jail on OR. The complaint alleges, and the officials admit, that under present practices (1) arrestees are required to show good cause why they should be released on OR and (2) that no reasons are stated upon denial.

■ The taxpayers employ a four-pronged attack on the first of these two practices; they contend that requiring arrestees to show good cause for release on OR violates their constitutional rights of due process, equal protection, freedom from excessive bail, and freedom from cruel and unusual punishment. Taking each of these individually, they argue that due process guarantees that arrestees are presumed innocent until proven guilty beyond a reasonable doubt at trial (see *Speiser* v. *Randall* (1958) 357 U.S. 513, 525-526 [2 L.Ed.2d 1460, 1472-1473, 78 S.Ct. 1332]). For the proposition that "the presumption of innocence attends the accused at all times before conviction," they rely on authorities such as *Stack* v. *Boyle* (1951) 342 U.S. 1 [96 L.Ed. 3, 72 S.Ct. 1]; *United States* v. *Mulcahy* (2d Cir. 1946) 155 F.2d 1002; *Glynn* v. *Donnelly* (1st cir. 1972) 470 F.2d 95; and *Brenneman* v. *Madigan* (N.D.Cal. 1972) 343 F.Supp. 128. However, assuming this proposition valid, these cases deal with excessive bail, jail conditions, exceptions to nonbailable offenses; none establishes precedent for a presumption of appearance at trial.

Next the taxpayers contend that the present system is a denial of equal protection in that indigent arrestees are denied liberty solely because of their inability to post bail. Even so, a state's discrimination based on wealth is probably not a suspect classification (*San Antonio School*

conclude, quoting appropriate language from Blair [*Blair* v. *Pitchess* (1971) 5 Cal.3d 258 (96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206)] that defendant judges and sheriff are proper candidates for an injunction under . . . [Code Civ. Proc., § 526a], since these officers are the instrumentalities bringing about the allegedly illegal expenditure of funds through the enforcement of the allegedly unconstitutional provisions of the Penal Code."

Furthermore, the officials argued below that there is no actual controversy between plaintiffs and the officials as required by Code of Civil Procedure section 1060. The lower court met this objection "by applying the following language from Blair v. Pitchess, at page 269, to satisfy the requirement of 'cases of actual controversy' of C.C.P. Sec. 1060 . . . if an action meets the requirements of Sec. 526(a), it presents a true case or controversy."

Accordingly, the officials concede jurisdiction; however, in their briefs on appeal, they raised for the first time the argument that this case is not justiciable. Their argument, predicated on the trial court's refusal to pass upon the validity of Penal Code sections 1318 and 1318.2, is without merit as the lower court ruled on the merits of the case since it decided not to overrule an apposite precedent, *Ex parte Duncan* (1879) 53 Cal. 410, on the facts before it.

*District* v. *Rodriguez* (1973) 411 U.S. 1 [36 L.Ed.2d 16, 93 S.Ct. 1278]). In this state, there is clearly a rational basis for requiring money bail as the rule rather than starting with a presumption of OR. (See: *In re Smiley* (1967) 66 Cal.2d 606 [58 Cal.Rptr. 579, 427 P.2d 179]; Pen. Code, § 1318.2.)

The taxpayers further contend that pretrial detainees are being subjected to excessive bail in that no bail is needed in many cases to guarantee appearance at trial.[3] As stated in *Stack* v. *Boyle, supra,* a case involving a petition for reduction in bail for four persons accused of violating the Smith Act: "The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. *Ex parte Milburn,* 9 Pet. 704, 710 (1835). Like the ancient practice of securing the ·oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is 'excessive' under the Eighth Amendment. See *United States* v. *Motlow,* 10 F.2d 657 . . ." (Pp. 4-5 [96 L.Ed. p. 6].) Accordingly, in some cases adequate assurances may not require the posting of a bond; however, this does not compel the state to bear the burden to demonstrate that money bail is needed.

Finally, arrestees are not subject to cruel and unusual punishment because they are not being punished at all. "Bail is not a means for punishing defendants" (*In re Underwood, supra,* at p. 348) ". . .'where incarceration is imposed prior to conviction, deterrence, punishment, and retribution are not legitimate functions of the incarcerating officials. . . .' " (*Brenneman* v. *Madigan, supra,* at p. 136.)[4]

We, therefore, agree with the lower court that the arrestee should continue to bear the burden at the OR hearing.

[3]"The purpose of bail is to assure the defendant's attendance in court when his presence is required, whether before or after conviction. [Citations.] Bail is not a means for punishing defendants [citation] nor for protecting the public safety" (*In re Underwood* (1973) 9 Cal.3d 345, 348 [107 Cal.Rptr. 401, 508 P.2d 721]).

[4]Beyond the lack of precedent for requiring the state to carry the burden at OR hearings, a practical consideration dictates that the arrestee offer the necessary evidence to demonstrate good cause for his release. Otherwise, the district attorney's office would either have to carry on intensive investigations into each arrestee's personal affairs prior to arraignment or OR hearings would need to be noticed and heard, possibly days or weeks after arraignment.

█  The next issue before us involves the admitted practice of denying an arrestee's motion for release on OR without stating reasons therefor.[5] The constitutional and statutory provisions grant discretionary power to the courts to administer the OR program.[6] This is not arbitrary or absolute; it must be exercised along legal lines. The due process clause of the state Constitution[7] places constraints on all grants of discretion; we must, therefore, ascertain what constitutes due process at an OR hearing.

Due process depends on the personal liberty, as well as the government interest involved and may take varied forms, depending on the circumstances (see *Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011]; *Cafeteria Workers* v. *McElroy* (1961) 367 U.S. 886 [6 L.Ed.2d 1230, 81 S.Ct. 1743]).

The officials argue that the present system satisfied due process because there are aspects of the current system which guard against arbitrary and capricious denials of OR. The various procedural safeguards which exist, according to the officials, are the following: upon arrest (1) if the arrestee posts the amount of bail called for by the warrant or the bail so scheduled, he is released; (2) if the arrestee cannot post the bail so scheduled, he may make a motion to reduce bail, including an application to be released on OR pursuant to Penal Code section 1318; (3) when an arrestee cannot post the bail ordered, his bail may periodically be reviewed by the trial court pursuant to Penal Code section 1320; and further (4) he is entitled to a petition in habeas corpus to review an order fixing bail.

The California Supreme Court, in considering these very procedural safeguards as they relate to due process requirements for parole hearings, held that they were not sufficient (*In re Sturm* (1974) 11 Cal.3d 258 [113 Cal.Rptr. 361, 521 P.2d 97]). However, the instant case is readily distinguishable in that *Sturm* deals with the Adult Authority, an administrative agency, not a court. Moreover, the Adult Authority's grant of discretion is tempered by the requirement that each application

[5]The lower court failed to deal with the taxpayers' two arguments independently; they are, however, distinct and deserving of independent treatment.

[6]Penal Code section 1318.2 (added by Stats. 1959, ch. 1340, § 1, p. 3612) declares: "The powers granted to a court or magistrate by this article are purely discretionary and permissive. This article does not give any defendant the right to be released on his own recognizance."

[7]Article I, section 15, adopted November 5, 1974, reads in pertinent part: "Persons may not twice be put in jeopardy for the same offense, be compelled in a criminal cause to be a witness against themselves, or be deprived of life, liberty, or property without due process of law."

be "duly considered" while, on the other hand, there is no greater grant of discretion to any court than the discretion to set the amount of bail for release of an arrestee (*In re Brumback* (1956) 46 Cal.2d 810 [299 P.2d 217]). If the court were required to state reasons for setting bail rather than releasing an arrestee on OR, a court would be required to state reasons for its rulings at every motion and hearing throughout the entire criminal judicial process. This would also cause impossible administrative burdens on the already overburdened lower courts of this state that are in no way comparable to the Adult Authority or the federal courts. If due process requires these burdens in the lower courts of this state, then the Legislature needs to revise the present system. Accordingly, we agree that the procedural safeguards here comply with due process.

One final point warrants comment. In his excellent memorandum of decision the trial judge pointed out that the posture of the matter before the court in this instance "is one that does not lend itself to a direct inquiry by the Court as to whether specific facts give rise to a denial of due process, equal protection or excessive bail or cruel and inhuman punishment. No arrestee stands before the Court—only an alleged legal anom[a]ly, i.e., P.C. 1318 and 1318.2 deny due process and equal protection by ignoring the continuity of the presumption of innocence. The plaintiffs must rely on various hearsay studies and dicta commentaries and inapposite authorities. . . . Thus, the instant case is presented to this Court in the weakest procedural context in which such issues could be determined." We concur with this observation.

The judgment is affirmed.

Appellants' petition for a hearing by the Supreme Court was denied February 18, 1976. Mosk, J., was of the opinion that the petition should be granted.