[Crim. No. 28243. Second Dist., Div. One. July 29, 1977.]

In re ROBERT D., a Person Coming Under the Juvenile Court Law.
CLARENCE E. CABELL, as Acting Chief Probation
Officer, etc., Plaintiff and Respondent, v.
ROBERT D., Defendant and Appellant.

## COUNSEL

Howard L. Weitzman, Larry Fidler and Weitzman & Fidler for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal from orders of the juvenile court adjudicating Robert D., its ward, placing him in the custody of the probation officer, and committing him to camp community placement. Robert contends that the juvenile court referee prejudicially erred in receiving in evidence a statement of Robert because: (1) the record fails to establish that Robert was warned of his *Miranda* rights prior to the statement; (2) Robert was not afforded the opportunity to consult with his parents or attorney prior to the statement and neither his parents nor attorney were present; (3) Robert did not waive his *Miranda* rights to counsel and to remain silent; (4) Robert was incapable by reason of intoxication of an intelligent waiver of *Miranda* rights; and (5) the statement was the product of coercion. Robert contends, also, that the juvenile court erred in denying his petition for rehearing of a referee's determination without an explanation of the reason for the denial.

We conclude that the record supports the reasonable inference that Robert's statement was spontaneous and volunteered without questioning and that a juvenile court judge who denies a rehearing of a matter heard by a referee need not specify his reasons for the denial. Accordingly, we affirm the order of the juvenile court.

*Facts*

Reyes Rascon Garcia was attacked and stabbed in a melee while present at a crowded carnival on May 16, 1975. One eyewitness identified Robert D., as the assailant who stabbed Garcia. Other witnesses to the stabbing could not identify Robert as the person who stabbed Garcia, and defense witnesses placed Robert away from the immediate scene of the stabbing when it occurred.

The witness who subsequently at trial identified Robert as the assailant gave his information to the police. On May 18 Los Angeles Deputy Sheriff Herbert H. McDermott and his partner saw Robert lying face down at the northeast corner of the intersection of Horst and Lowemont. Robert was handcuffed, assisted to his feet, and taken to the police car. Robert was told that he had been arrested "for the stabbing at the carnival on Friday night." Placed in the police car, Robert became belligerent, cursed the officers, and attempted to kick them. McDermott subdued Robert with a "choke hold" and then placed Robert's head between his legs to control him.

Robert was driven to the Norwalk sheriff's station and taken inside. At the station, McDermott again told Robert that he was under arrest for "the stabbing at the carnival," and stated that "we would place an additional charge on him for trying to kick us." Robert responded: "I know I stabbed the guy at the carnival, but your beef is chicken shit."

*Proceedings in Juvenile Court*

Robert was a ward of the juvenile court. On May 20, 1975, a petition was filed alleging in count one that he was a person within the provisions of section 602 of the Welfare and Institutions Code because he assaulted Garcia with a deadly weapon, and in count two because he assaulted the officers. The petition was heard by a referee. Testimony at the hearing developed the facts recited in this opinion. The referee, having concluded that Robert's police station statement was "spontaneous," received it in evidence and, on June 9, 1975, found the allegations of count one to be true. The referee dismissed count two in the interest of justice.

At a disposition hearing on July 28, 1975, the court declared that Robert should remain its ward, removed custody of Robert from his parents, and placed him in the care of the probation officer with permission granted the probation officer to place Robert in a mental hygiene facility.

On August 12, Robert's newly substituted private counsel filed an application for rehearing pursuant to Welfare and Institutions Code section 558. The application notes weaknesses in the testimony against Robert and, based upon the referee's dismissal of count two, a "reasonable doubt" whether Robert made the incriminating statement. It states that prior trial counsel did not call five available witnesses in addition to the seven called in Robert's behalf. The application notes that three other minors were charged with the same offense and that Robert's substituted counsel "had personally interviewed two [unnamed] individuals, one of whom was known to [prior counsel]," who had stated that a minor not identified in the application had committed the assault. Finally, the application states that prior counsel refused to permit Robert to testify "even though the minor indicated that he wished to testify."

The presiding judge of the juvenile court extended time for ruling on the application. On August 12, 1975, a juvenile court judge, having read and considered the transcript of proceedings before the referee, denied the application for rehearing.

On October 2, 1975, a supplemental petition was filed stating that Robert had been refused admission to all programs at Camarillo and Metropolitan State hospitals and that he was not suitable for placement in a "non-hospital setting." On October 7, the juvenile court, acting on the supplemental petition, ordered camp community placement for Robert. That order was confirmed by another on November 12. On December 8, 1975, Robert's counsel filed his notice of appeal.[1]

*Admissibility of Statement*

The record supports the referee's ruling receiving Robert's police station statement in evidence.

With the exception of the assertion that the statement was coerced, Robert's arguments to the contrary revolve about a failure of the police

---

[1]The juvenile court's denial of rehearing on August 12 was an appealable order. Time for notice of appeal from that order expired October 11. (Rule 2, Cal. Rules of Court; *In re Gary R.* (1976) 56 Cal.App.3d 850, 852 [129 Cal.Rptr. 26].) Robert having established that his counsel had, at the disposition, undertaken to file a timely notice of appeal, we denied the People's motion to dismiss. (*People* v. *Serrano* (1973) 33 Cal.App.3d 331, 337 [109 Cal.Rptr. 30].)

to comply with the dictates of *Miranda* as applied to juveniles.[2] Those arguments are inapplicable here.

■ "Volunteered statements of any kind are not barred by the Fifth Amendment. . . ." (*Miranda* v. *Arizona* (1966) 384 U.S. 436, 478 [16 L.Ed.2d 694, 725-726, 86 S.Ct. 1602, 10 A.L.R.3d 974]; see also *People* v. *Randall* (1970) 1 Cal.3d 948, 956, fn. 7 [83 Cal.Rptr. 658, 464 P.2d 114]; *People* v. *Siegenthaler* (1972) 7 Cal.3d 465, 470 [103 Cal.Rptr. 243, 499 P.2d 499].) Here there is substantial evidence that Robert's police station statement was spontaneous and volunteered and not in response to interrogation. The juvenile court having based its ruling upon that evidence, the ruling binds us on appeal. (*People* v. *McDaniel* (1976) 16 Cal.3d 156, 172 [127 Cal.Rptr. 467, 545 P.2d 843].)

The record does not compel the conclusion that Robert's statement was coerced. Substantial evidence supports the implied findings that the police used no more force than that necessary to place Robert under control, that the use of force had terminated well before the parties arrived at the sheriff's station, and that the statement was not induced by the force used.

### Denial of Application for Rehearing

Robert contends that the juvenile court judge erred in denying his application for rehearing without a statement of reasons. He argues that a specification of reasons for the denial is required to permit intelligent appellate review of the decision on the motion and as a brake against arbitrary or capricious trial court action. The contention involves a question of apparent first impression in an emerging area of law.

In 1964, the California Supreme Court rejected, with one sentence, a contention that a judge denying a motion for a new trial in a criminal case was required to state his reasons. (*People* v. *Quicke* (1964) 61 Cal.2d 155, 160 [37 Cal.Rptr. 617, 390 P.2d 393].)

In 1966, the United States Supreme Court considered the validity of a District of Columbia process by which, after "full investigation" but without a hearing or notification of the minor's right to counsel, the juvenile court could "waive" its jurisdiction over a minor charged with a

---

[2]Specifically, the arguments claim lack of a *Miranda* warning, denial of the opportunity to consult with parents or counsel, and lack of capacity voluntarily to waive *Miranda* rights because of intoxication.

crime so as to make the minor subject to prosecution in an adult court. Based upon its reading of the District of Columbia juvenile court statute "in the context of constitutional principles relating to due process and the assistance of counsel," the high court held "that, as a condition to a valid waiver order, [the juvenile] was entitled to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the [trial] court, and to a statement of reasons for the Juvenile Court's decision." (*Kent* v. *United States* (1966) 383 U.S. 541, 557 [16 L.Ed.2d 84, 95, 86 S.Ct. 1045].)

In reaching that conclusion, the United States Supreme Court said: "Meaningful review requires that the reviewing court should review. It should not be remitted to assumptions. It must have before it a statement of the reasons motivating the waiver including, of course, a statement of the relevant facts. It may not 'assume' that there are adequate reasons, nor may it merely assume that 'full investigation' has been made. Accordingly, we hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of 'full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and, it must set forth the basis for the order with sufficient specificity to permit meaningful review." (383 U.S. at p. 561 [16 L.Ed.2d at p. 97].)

Buttressing its decision with *Kent* v. *United States, supra,* and relying upon the general proposition that findings are required if an administrative determination is to be subjected to fair judicial review, the California Supreme Court held that a failure of the Adult Authority to provide a definitive written statement of its reasons for denying parole at a regularly scheduled parole hearing effectively deprives the inmate of procedural due process of law. (*In re Sturm* (1974) 11 Cal.3d 258, 269-272 [113 Cal.Rptr. 361, 521 P.2d 97].)

In a noncriminal context involving review of administrative proceedings, the California high court, bottoming its conclusion on construction of Code of Civil Procedure section 1094.5, reemphasized the proposition that an administrative agency whose decisions are subject to review by the substantial evidence test "must render findings sufficient both to enable the parties to determine whether and on what basis they should

seek review and, in the event of review, to apprise a reviewing court of the basis for the [administrative] board's action." (*Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, 514 [113 Cal.Rptr. 836, 522 P.2d 12].)

The rationale of *Kent, Sturm,* and *Topanga* was applied to require a statement of reasons for the revocation of California Rehabilitation Center outpatient status (*In re Bye* (1974) 12 Cal.3d 96, 110 [115 Cal.Rptr. 382, 524 P.2d 854]), and for a trial court's denial of bail on appeal (*In re Podesto* (1976) 15 Cal.3d 921, 926 [127 Cal.Rptr. 97, 544 P.2d 1297]). The *Kent-Sturm* principle was extended to require findings of fact in a juvenile court proceeding depriving a parent of custody of his child pursuant to Welfare and Institutions Code section 600 (*In re J. T.* (1974) 40 Cal.App.3d 633, 641-642 [115 Cal.Rptr. 553]), and applied to require that a California juvenile court certifying a minor for trial as an adult state its reasons for the decision (*Juan T.* v. *Superior Court* (1975) 49 Cal.App.3d 207, 211 [122 Cal.Rptr. 405]).

The trend of California decisions has not been unidirectional. Despite the requirement of a statement of reasons for denial of bail on appeal, no statement of reasons is needed to support an order denying release on the defendant's own recognizance rather than bail pending trial. (*Kawaichi* v. *Madigan* (1975) 53 Cal.App.3d 461, 466 [126 Cal.Rptr. 63], petn. for hg. den.) No statement of reasons is required for trial court action denying probation despite a recommendation for probation in the officer's report. (*People* v. *Edwards* (1976) 18 Cal.3d 796, 805-806 [135 Cal.Rptr. 411, 557 P.2d 995].) No statement of reasons is required to support an order revoking probation. (*People* v. *Ruiz* (1975) 53 Cal.App.3d 715, 717-718 [125 Cal.Rptr. 886].)

The decisions to date illuminate a set of principles.

■ Where the action is administrative in nature and rendered without a full panoply of procedural protections, as in the case of a denial of parole (*In re Sturm, supra,* 11 Cal.3d 258), or revocation of CRC outpatient status (*In re Bye, supra,* 12 Cal.3d 96), and judicial review necessarily takes the form of a petition for extraordinary writ which must be founded on specific factual allegations rather than upon an entire record, a statement of reasons for the action is required. Otherwise, the person affected is unfairly inhibited in stating a prima facie case to influence the reviewing court to exercise its discretion to hear the matter at all. (*People* v. *Edwards, supra,* 18 Cal.3d 796, 802-803.)

■    Where the action is judicial or quasi judicial and depends upon the application of specific criteria established by statute or decisional law, a statement of reasons for the action is required if the statement is necessary to intelligent review of the action taken. (*Topanga Assn. for a Scenic Community* v. *County of Los Angeles, supra,* 11 Cal.3d 506 [specific factual findings required by Code of Civil Procedure section 1094.5]; *In re Podesto, supra,* 15 Cal.3d 921 [judicial guidelines requiring focus on appropriate criteria for denying bail on appeal]; *Kent* v. *United States, supra,* 383 U.S. 541; and *Juan T.* v. *Superior Court, supra,* 49 Cal.App.3d 207 [specific statutory criteria for certification of a juvenile for trial in an adult court].)

No statement of reasons for decision is required where: (1) the action is judicial in nature; (2) involves a discretion exercised upon totality of circumstances rather than specific criteria; (3) the interplay of the circumstances is set forth in a record; and (4) judicial review on the record is a matter of right and not appellate discretion. (*People* v. *Edwards, supra,* 18 Cal.3d 796; *People* v. *Ruiz, supra,* 53 Cal.App.3d 715.) Lack of judicial review as a matter of right does not itself always create a right to a statement of reasons for judicial action. The nature of the trial court's exercise of discretion and the nature of the individual right involved must be weighed. (*Kawaichi* v. *Madigan, supra,* 53 Cal.App.3d 461.)

■    The denial of an application for a rehearing by a juvenile court judge of a referee's decision is a judicial act. The judge has a full reporter's transcript of the proceedings before the referee. The judge's decision is appealable as a matter of right on a full record. The judge's decision on the application for rehearing is based upon the interplay of all factors at the hearing before the referee and not upon the application of specific criteria. In these circumstances, fundamental fairness to the juvenile is assured in entertaining a direct appeal on a full judicial record without the necessity of findings of fact or a statement of specific reasons by the juvenile court.

Robert argues, in the alternative, that despite any general lack of necessity for findings of fact in denial of an application for rehearing by a juvenile court judge of a matter heard by a referee, special circumstances present in the case at bench demand a statement of specific reasons for the denial of rehearing. He argues that the application for

rehearing disclosed the existence of detailed and substantial evidence pointing "unerringly" to his innocence.[3]

The alternative argument lacks merit. It does not assert any basis compelling the juvenile court judge to grant a rehearing on the record of proceedings before the referee, the statutory basis for a rehearing where proceedings before the referee are reported. (Welf. & Inst. Code, § 252; *In re Damon C.* (1976) 16 Cal.3d 493 [128 Cal.Rptr. 172, 546 P.2d 676].) Robert seems to be arguing indirectly that he is entitled to a statement of reasons for denial of a petition for a writ of *coram nobis* for newly discovered evidence, or a writ of habeas corpus for some deficiency of original trial counsel.[4] Our Supreme Court routinely denies petitions for prerogative writ without a statement of specific reasons. That practice validates the procedure followed in the trial court in an analogous situation.

*Disposition*

The judgment (order) is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied August 19, 1977, and appellant's petition for a hearing by the Supreme Court was denied October 27, 1977.

---

[3]Robert's characterization is overly generous. Despite the lack of a motion for new trial before the referee, the application for rehearing in effect asserts newly discovered evidence while revealing that, save for one anonymous cumulative witness, the evidence was available to counsel at the hearing before the referee.

[4]Robert does not argue on appeal that failure of trial counsel to honor Robert's desire to testify denied him a fair hearing.