MATTER OF ACOSTA

Application for Permission to Reapply

A-15825456

*Decided by District Director May 17, 1973*

Notwithstanding his several violations of the immigration laws, applicant is granted permission to reapply for admission to the United States after deportation where the record establishes that he is a person of good moral character, has no police record, and has maintained a *bona fide* family relationship with his lawful permanent resident spouse and United States citizen children.

This record relates to a 38-year-old male, native and citizen of Uruguay, who was deported from the United States November 1, 1962, under a warrant of deportation issued October 29, 1962, containing the charge that after admission as a nonimmigrant under section 101(a)(15) of the Immigration and Nationality Act, the applicant remained in the United States for a longer time than permitted.

The evidence of record upon which the deportation charge was based establishes the following:

The alien was admitted as a nonimmigrant crewman on September 4, 1961, authorized to remain in the United States for the period of time his vessel remained in port not to exceed 29 days. The crewman deserted his vessel on September 4, 1961 after having been a seaman for only one and one half months. He secured unauthorized employment as a dishwasher until he voluntarily surrendered on October 26, 1962. He requested to be deported as soon as possible due to the illness of his mother in Uruguay. He also requested to be detained until his deportation.

At a deportation hearing held on October 29, 1962, he was ordered deported from the United States, which was effected November 1, 1962. The cost of his deportation was assessed against the steamship company which employed him.

On October 2, 1963, the applicant filed an application for permission to reapply for admission into the United States after deportation stating as his reason for desiring to reenter the United States the following: "Being a seaman and frequently visiting United States ports to get shore leave in United States." On May 19, 1964 the District Director denied his application on the grounds that

"Your past record indicates that you are not a *bona fide* crewman," and "you would be ineligible for a conditional landing permit under section 252(a) of the Immigration and Nationality Act."

On September 18, 1967, the subject submitted a second application for permission to reapply for admission to the United States after deportation. The file reflects a denial of that application on June 4, 1968 on the grounds that there was no compelling reason for the presence of the alien in the United States. Although the alien was advised of his right to appeal both denials he failed to avail himself of this legal practice.

On March 31, 1970, he again deserted a vessel while that vessel was in a United States port. He had been refused admission to the United States as a crewman and he willfully violated the immigration laws of the United States by absconding. Efforts to locate him by the Immigration Service proved negative and all leads were exhausted.

The applicant married a lawful permanent resident, Luisa Escalante, on October 25, 1970 in New York City and proceeded to apply for an immigrant visa with the American Consul in Montreal, Canada. He was granted an exemption from the provisions of section 212(a)(14) of the Immigration and Nationality Act and accorded a registration priority date of July 28, 1972.

He was instructed by the American Consul on October 24, 1972 to contact his local Immigration and Naturalization Service office for verification of his status in the United States. He complied with the instruction on November 17, 1972 and was scheduled for an interview on February 5, 1973 which he failed to keep. He was re-scheduled for March 5, 1973 and as a result of that interview, on March 6, 1973 an order to show cause was issued containing the charge that he is subject to deportation pursuant to section 241(a)(1) of the Immigration and Nationality Act, in that at the time of entry he was within one or more of the classes of aliens excludable by the law existing at the time of such entry, to wit, aliens who have been arrested and deported, consent to apply or reapply for admission not having been granted by the proper authority under section 212(a)(17) of the Act.

The special inquiry officer who presided at the deportation hearing held on March 15, 1973 granted the applicant voluntary departure in lieu of an order of deportation, without expense to the Government, on or before June 15, 1973 or any extension beyond such date as may be granted by the District Director.

It is noted that the applicant is the spouse of a legal resident who will be eligible to apply for United States citizenship in September 1973; that he is the father of a United States citizen child born of his marriage on February 11, 1972. If the applicant

were required to depart the United States and re-establish his residence abroad unusual hardships would result not only to his wife and child in the United States but to the applicant as well. The cost of maintaining two separate households and depriving a husband and father the rights due him as a result of his marital relationship would indeed be an unusual hardship to the applicant and his family.

In addition, the applicant's record establishes that he has been a person of good moral character and has never had trouble with the police either in the United States or in his native country. He has maintained a good and lawful marriage during his stay in the United States and provided for his family. The favorable factors, including the humanitarian aspect of maintaining a *bona fide* family unit, when weighed against the unfavorable factors stemming from the alien's violations of the immigration laws, warrant approval of the application.

**ORDER:** It is ordered that the subject's application for permission to reapply for admission to the United States after arrest and deportation be, and the same is, granted.