**CLARENCE T. EMMANUEL et al., Petitioners**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE et al., Respondents**

Civil No. 1982/205

District Court of the Virgin Islands

Div. of St. Croix

February 15, 1984

BRIAN L. MASONY, ESQ., Christiansted, St. Croix, V.I., *for petitioners*

GENEVIEVE HOLM, ESQ. and VIVIAN REYES, ESQ., U.S. Attorney's Office, Christiansted, St. Croix, V.I., *for respondents*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Respondents, the U.S. Immigration and Naturalization Service et al. (hereafter "INS") have moved this Court for summary judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction, the

District Director did not abuse his discretion in denying petitioners' applications, and there are no genuine issues as to any material fact. For the reasons set forth herein, we grant respondents' motion and deny the petition for writ of habeas corpus, declaratory judgment, injunctive relief, and to compel.

## I. FACTS

Petitioner, Clarence Timothy Emmanuel (hereafter petitioner) is a 32-year-old native and citizen of St. Lucia, West Indies, who presently resides in St. Croix. He has been married to petitioner Florena Emmanuel (hereafter Mrs. Emmanuel), a permanent resident of the United States, since May 16, 1980. Mrs. Emmanuel has two sons, one of whom is a United States citizen.

Petitioner first entered the United States on February 22, 1970, as a nonimmigrant, temporary visitor authorized to remain for one month. Having failed to leave within the allotted time, he was granted voluntary departure on April 20, 1970, but did not exit as directed. Three years later, on March 13, 1973, he was located on St. Croix and processed as a deportable alien. He was again granted voluntary departure and left the Territory under safeguard.

Petitioner returned to the United States on December 23, 1974, as a nonimmigrant crewman. He was apprehended in St. Thomas accepting unauthorized employment from Pet-Denia, Inc., and ordered to depart by January 22, 1975. According to the Decision of the Regional Commissioner petitioner left, but promptly returned as a crewman on January 30, 1975. Although not completely clear in the record, petitioner claims that he has been in the United States continuously since 1974.

Nevertheless, it was not until October 2, 1979, that petitioner was again encountered by the authorities at the Golden Grove Adult Correctional Facility in St. Croix after he was arrested and charged with filing a fraudulent insurance claim, receiving money under false pretenses, and filing a false report of theft.

On October 3, 1979, the Immigration and Naturalization Service caused an order to be served upon petitioner to show cause why he should not be deported and gave him notice of a hearing thereon.

Petitioner was convicted in the District Court of the Virgin Islands on a plea of guilty to the crime of obtaining money under false pretenses on December 21, 1979. He received a five year suspended sentence and was placed on supervised probation for a period of five years. The conditions of his probation included

517

transferring title of an automobile and making full restitution, both of which he has complied with.

After marrying Mrs. Emmanuel on May 16, 1980, petitioner filed a petition for a Waiver of Grounds of Excludability pursuant to Section 212 of the Immigration and Nationality Act.[1]

While awaiting a determination Mrs. Emmanuel filed a petition to classify petitioner as an immediate relative with a preference classification under section 203(a)(2) of the Immigration and Nationality Act[2] as the spouse of an alien lawfully admitted for permanent residence. It was approved on November 7, 1980, and forwarded to Bridgetown, Barbados.

Notwithstanding, petitioner was ordered deported pursuant to Section 241(a)(2) of the Immigration and Nationality Act[3] by the Immigration Judge on January 16, 1981. He applied for a stay of Deportation and for Permission to Reapply for Admission after Deportation on January 19, 1981. Permission was denied on August 17, 1981, but petitioner did not receive the decision until September 23, 1981. Petitioner's motion to file a late appeal was denied by the District Director.

Undaunted, petitioner filed a second request for Permission to Reapply for Admission after Deportation on November 23, 1981.

On February 18, 1982 the District Director denied each and every one of petitioners' applications and petitions, stating that petitioner's

---

[1] Section 212 of the Act, 8 U.S.C. § 1182(h), provides in pertinent part:

Any alien, who is excludable from the United States under paragraphs (9), (10), or (12) of Subsection (a) of this section, who (A) is the spouse or child ... of a United States citizen, or of an alien lawfully admitted for permanent residence ... shall, if otherwise admissible, be issued a visa and admitted to the United States for permanent residence (1) if it shall be established to the satisfaction of the Attorney General that (A) the aliens exclusion would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, or son or daughter of such alien, and (B) the admission to the United States of such alien would not be contrary to the national welfare, safety, or security of the United States; and (2) if the Attorney General, in his discretion, and pursuant to such terms, conditions, and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa and for admission to the United States.

[2] 8 U.S.C. § 1153(a)(2) (1976).

[3] Section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1976) provides:

(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who

(2) entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States.

"flagrant disregard for administrative and criminal laws and repaying debts justifies a finding of poor moral character based on moral turpitude in conduct and attitude."

An appeal of the denial of the Application for Permission to Reapply after Deportation was filed before the Regional Commissioner on April 2, 1982. In a decision dated August 16, 1982 the appeal was dismissed and the District Director's decision was affirmed. Having exhausted all of his administrative remedies, petitioner filed the present action on August 26, 1982 in the form of a petition for writ of habeas corpus, declaratory judgment, injunctive relief, and to compel action of the INS.

## II. DISCUSSION

### A. *Jurisdiction*

We are confronted at the outset with the question of whether this Court has jurisdiction to entertain the action. We find that jurisdiction is conferred by Section 279 of the Immigration and Nationality Act, 8 U.S.C. § 1329 (1976), which gives the district courts jurisdiction of all causes arising under any of the provisions of subchapter II of the Act.[4]

Section 279 was subsequently modified by section 106 of the Act, 8 U.S.C. § 1105a (1976), which conferred upon the courts of appeals exclusive jurisdiction to review final orders of deportation made by the INS against aliens within the United States. While section 106 thus withdrew from the district courts their jurisdiction under section 279 to review the validity of deportation orders, it did not affect their jurisdiction to review denials for discretionary relief. Sotelo Mondragon v. Ilchert, 653 F.2d 1254, 1256 (9th Cir. 1980) (Review of denial of stay of deportation); Acosta v. Gaffney, 558 F.2d 1153, 1155–56 (3d Cir. 1977) (review of stay of deportation); Yan Wo Cheng v. Rinaldi, 389 F.Supp. 583, 584 (D.N.J. 1975) (review of matters ancillary to statutory deportation hearing).

Subject matter jurisdiction is also conferred by Title 28 U.S.C. § 1331 (Supp. IV 1980) which was amended in 1980 to grant the district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.[5]

---

[4] Subchapter II includes the provisions of the Act relating to immigration and the deportation of aliens.

[5] These two grounds of jurisdiction were not pleaded in the original petition, but were offered as additional grounds in petitioner's motion to amend the petition. Petitioner initially cited 5 U.S.C. §§ 701–706 (The Administrative Procedure Act), 8

## B. *Scope of Review*

■ The scope of our review in this case is very limited. As stated by the Third Circuit in Bufalino v. Holland, 277 F.2d 270 (3d Cir. 1960):

> The right of review by the court of the action of the administrative agency in this case is limited to whether the decision of deportability was based on reasonable, substantial and probative evidence and was neither arbitrary, capricious nor violative of procedural due process.

Id. at 281. See also Junco v. INS, 343 F.2d 474 (3d Cir. 1965); Zgodda v. Holland, 184 F. Supp. 847, 850 (E.D. Penn. 1960).

■ As a general rule the courts will not interfere with the discretionary action of the immigration authorities incident to a deportation proceeding except where there has been a clear abuse of discretion. The reviewing court will not substitute its judgment for that of the authorities, but may only determine whether there was an abuse of discretion. See generally 3A C.J.S. Aliens § 238 (1973); 2 C. Gordon & H. Rosenfield, Immigration Law and Procedure § 8.11 (1983).

## C. *Abuse of Discretion*

Petitioner claims that the Acting District Director did indeed abuse his discretion when he denied petitioner's applications on February 18, 1982. These applications consisted of an application to Reapply for Admission after Deportation predicated on 8 U.S.C. § 1182(a)(17)[6], an application for Waiver of Grounds of Excludability, based on 8 U.S.C. § 1182(h),[7] and an Application for Stay of Deportation.

---

U.S.C. § 1105a(q), and 28 U.S.C. §§ 1361, 2201, 2241–2253 as grounds of jurisdiction. Since we have determined that this matter is properly before the Court, it is not necessary to make findings as to the sufficiency of these grounds.

[6] Title 8 U.S.C. § 1182(a)(17)(1976) provides:

(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

(17) Aliens who have been arrested and deported, or who have fallen into distress and have been removed as alien enemies, or who have been removed at Government expense in lieu of deportation pursuant to section 1252(b) of this title, unless prior to their embarkation or reembarkation at a place outside the United States or their attempt to be admitted from foreign contiguous territory the Attorney General has consented to their applying or reapplying for admission.

[7] For text of Title 8 U.S.C. § 1182(h) (1976) See supra n.1.

The District Director has been delegated the authority to grant such relief in his discretion. He is not without guidelines, however. In Matter of Tin, 14 I & N Dec. 371 (1973), the Regional Commissioner found that in determining an application for permission to reapply after arrest and deportation, all pertinent circumstances relating to the applicant which are set forth in the record of proceedings should be considered.

> These include but are not limited to the basis of deportation, recency of deportation, length of residence in the United States, the moral character of the applicant, his respect for law and order, evidence of reformation and rehabilitation, his family responsibilities, any inadmissability.to the United States under other sections of law, hardship involved to himself and others, and the need for his services in the United States.

Id. at 373–74.

Petitioner claims that the Acting District Director abused his discretion by failing to consider factors favorable to the petitioners. Instead of delving into the very important factor of family ties and responsibilities, the District Director noted that a check of petitioner's given address revealed that only Mrs. Emmanuel and her two sons were registered residents. Petitioner submits that his deportation would cause severe hardship for his family and himself. His wife would have to quit her job, leave her elderly father in his declining years, and uproot her two small children to accompany petitioner back to St. Lucia, a country he is no longer familiar with. The family would suffer substantial economic hardship as well.

■■ As unfortunate as the circumstances of this case may be, a reviewing court may not overrule the District Director on humanitarian or any other grounds as long as the Director's decision has a rational explanation. Padula v. Immigration and Naturalization Service, 537 F.Supp. 563, 567–68 (D. Conn. 1982). In Hang v. Immigration and Naturalization Service, 360 F.2d 715, 719 (2d Cir. 1966), it was held that discretion would be abused "if it were made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group." See also 2 C. Gordon & H. Rosenfield, Immigration Law and Procedure § 8.15 c (1983); Tovar v. Immigration and Naturalization Service, 612 F.2d 794, 797 (3d Cir. 1980); Bastidas v. Immigration and Naturalization Service, 609 F.2d 101, 104 (3d Cir. 1979); Siu Fung Luk v. Rosenberg, 409 F.2d 555 (9th Cir. 1969).

■ After a careful review of the entire administrative record, we are persuaded that the Acting District Director did not abuse his discretion when he denied petitioner's applications. The Director's decision was based primarily on petitioner's callous attitude toward violating the immigration laws,[8] and his conviction for obtaining money by false pretenses.[9] Further factors included an affidavit from his former attorney stating that petitioner has failed to pay his fees, and an investigation that indicated petitioner is not registered to live with his wife and her children. The application for Waiver of Grounds of Excludability was denied because petitioner was not otherwise admissable to the United States. Petitioner's Application for Stay of Deportation was also denied on the aforementioned grounds. The Director stated that the immigrant visa petitioner awaits from the American Embassy in Bridgetown, Barbados is not likely to be forthcoming.[10]

As we can find no abuse of discretion in the administrative record, it is not for us to substitute our judgment for that of the District Director.

### D. *Judgment as a Matter of Law*

■ Rule 56(b) of the Federal Rules of Civil Procedure allows a party against whom a claim is asserted or a declaratory judgment is sought to move for summary judgment. The Court may grant the same where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Summary judgment is thus classified as a drastic remedy and it is clear "that courts are to resolve any doubts as to the existence of genuine issues

---

[8] A review of the facts clearly indicates petitioner's predisposition to ignore this country's immigration laws. He entered the country illegally, stayed illegally, and then refused to leave when ordered to.

Although standing alone it will not support a finding of lack of good moral character, it is a heavily weighted adverse factor. Matter of Lee, 17 I & N Dec. 275 (1978); Matter of Acosta, 14 I & N Dec. 361 (1973).

[9] This crime is one involving moral turpitude thereby making petitioner excludable from admission into the United States pursuant to 8 U.S.C. § 1182(a)(9) and (10) (1976).

[10] According to Siu Fung Luk v. Rosenberg, 409 F.2d 555, 559 (9th Cir. 1969), an applicant's presence in this country is not necessary to process applications. In that case the Application for a Stay of Deportation was therefore denied.

Generally, challenges to the refusal of a Stay of Deportation pending the processing of a visa petition, or to enable the deportee to remain in the United States while his or her application for an immigrant visa is processed by the American Consul abroad have been rejected. 2 C. Gordon H. Rosenfield, Immigration Law and Procedure § 815c at 8–134 (1983).

of fact against the moving parties." Hollinger v. Wagner Mining Equipment Co. 667 F.2d 402, 405 (3d Cir. 1981); Ness Marshall, 660 F.2d 517, 519 (3d Cir. 1981).

As we have determined that this Court has jurisdiction, that there is no abuse of discretion in the administrative record, and there are no genuine issues as to any material fact, respondents are entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, summary judgment will be granted on behalf of respondents.

## ORDER

THIS MATTER is before the Court on Respondent's Motion for Summary Judgment. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT respondents' Motion for Summary Judgment is GRANTED and the petition is DISMISSED, with prejudice.