**Hernan Benavides VILLEGAS**

v.

**Paul B. O'NEILL, District Director, Immigration and Naturalization Service.**

**Civ. A. No. H–85–6719.**

United States District Court,
S.D. Texas,
Houston Division.

Jan. 28, 1986.

Joseph Vail, Margaret D. Burkhart, Houston, Tex., for petitioner.

Nancy K. Pecht, Asst. U.S. Atty., Houston, Tex., for respondent.

## MEMORANDUM AND ORDER

DeANDA, District Judge.

Pending before the Court is Petitioner's petition for a writ of habeas corpus and motion for a preliminary injunction. Having reviewed the record and the law, the Court is of the opinion that said petition and motion should be denied in all respects for the reasons set forth below, and renders judgment for the Respondent. The following discussion is designated as the findings of fact and conclusions of law in support of this decision.

Petitioner is a citizen of El Salvador who entered this country illegally in Spring, 1984. Petitioner was arrested by officials of the Immigration and Naturalization Service (INS) in Houston, Texas in June, 1984. On June 5, 1984, Petitioner was served an Order to show cause why he should not be deported. On June 13, 1984, Petitioner was brought before an Immigration Judge for a show cause hearing on the issue of deportability, but the hearing was adjourned to afford Petitioner the opportunity to secure counsel. Petitioner, however, did not secure legal representation, and on June 27,

1984, was again brought before the Immigration Judge. Petitioner, appearing *pro se*, admitted that he was not a citizen or national of the United States and that he had entered the United States illegally. Petitioner thus conceded deportability, but requested political asylum from the Immigration Judge. The Immigration Judge provided Petitioner with the necessary forms to apply for political asylum and told him that if he remained in custody he would have to complete his application by July 11, 1984. Petitioner was released from custody, however, on a surety bond prior to July 11, 1984. Upon his release, Petitioner's next hearing date was canceled and subsequently reset to July 8, 1985. Notice of the July 8, 1985 hearing was mailed by the Immigration Court to Petitioner at his last known address. Petitioner, however, had moved without notifying INS, the Immigration Court or the post office of his forwarding address, and thus never received notice of the July 8, 1985 hearing. When Petitioner failed to appear at this hearing, the Immigration Judge deemed his application for political asylum waived and ordered him deported. Subsequently, INS sent a notice to Petitioner's bonding company that Petitioner was to surrender to INS. The bonding company contacted Petitioner and he surrendered to INS, unaware that he had been ordered deported. Petitioner secured legal representation and on November 29, and December 9, 1985 filed motions to reopen his case and stay deportation, alleging he received no notice of the July 8, 1985 hearing and that he was eligible for political asylum. The Immigration Judge denied these motions finding that notice of the hearing had been properly posted by the Immigration Court to Petitioner's last known address and that Petitioner had not made a *prima facie* showing of eligibility for political asylum. Petitioner subsequently appealed the Immigration Judge's rulings to the Board of Immigration Appeals, and his case is currently pending before the Board. Petitioner requested the District Director of the INS, Respondent herein, to grant him a stay of deportation pending a review of his case by the Board of Immigration Appeals. The District Director denied Petitioner's request on December 11, 1985. On December 13, 1985, Petitioner filed his petition for a writ of habeas corpus under 8 U.S.C. § 1105a(a)(9) and motion for temporary restraining order to stay his imminent deportation. On that same day, the Court stayed Petitioner's deportation to maintain the status quo pending a hearing and ruling on Petitioner's motion for a preliminary injunction to stay his deportation.

■ The scope of the Court's review in this case is very limited. The Court has no jurisdiction to review final orders of the Immigration Judge or the Board of Immigration Appeals in a habeas corpus proceeding under 8 U.S.C. § 1105a(a)(9), as exclusive jurisdiction over such matters is vested in the Courts of Appeals. *Johns v. Department of Justice*, 653 F.2d 884, 892 (5th Cir.1981); *Salehi v. District Director, Immigration & Naturalization Service*, 575 F.Supp. 1237 (D.Colo.1983); *Emmanuel v. United States Immigration and Naturalization Service*, 579 F.Supp. 1541 (D.V.I.1984). The Court, however, does have jurisdiction in a habeas corpus proceeding to review the District Director's denial of Petitioner's stay of deportation.[1] *Bothyo v. Moyer*, 772 F.2d 353, 355 (7th Cir.1985); *Emmanuel*, 579 F.Supp. at 1544. *See also Bonilla v. Immigration & Naturalization Service*, 711 F.2d 43 (5th Cir.1983). The District Director's denial of a stay of deportation, however, is subject to review only to determine whether there has been an abuse of discretion. *Bothyo*, 772 F.2d at 355, *Emmanuel*, 579 F.Supp. at 1544. The Court thus cannot substitute its judgment for that of the District Director, but rather must affirm the District Director's decision unless Petitioner can show it was either arbitrary, capricious or violative of due process. *Emmanuel*, 579

---

1. Petitioner does not seek review of the Immigration Judge's Order denying his stay of deportation, and it appears that an appeal of this Order is also pending before the Board of Immigration Appeals.

F.Supp. at 1544. *See also Bothyo,* 772 F.2d at 355.

The gravaman of Petitioner's complaint is that his deportation should be stayed because it is likely he will prevail on his appeal before the Board, as the notice sent to him by the Immigration Court of the July 8, 1985 hearing did not meet the requirements of the applicable regulations or due process. Because the Court finds that the notice sent to Petitioner was not violative of either federal regulations or due process, the Court finds that the District Director did not abuse his discretion in denying a stay of deportation, and that Petitioner's detention is neither illegal nor unconstitutional.

█ Petitioner argues that reasonable notice under the circumstances required by applicable regulations and due process put the burden on the INS to serve him personally with notice of the hearing or, at the very least, to notify him through his bonding company of the hearing. The INS has shown, however, that Petitioner had already conceded deportability at a prior deportation hearing and thus the subsequent proceeding on Petitioner's application for political asylum was not a new proceeding initiated by the Service with proposed adverse effect. Petitioner thus was not entitled to personal service by INS of notice of subsequent hearings on his application for political asylum. *See* 8 C.F.R. §§ 103.5a(c), 103.5a(d). Petitioner, however, maintains that the regulations and due process require that "reasonable notice" be given of all hearings, and under the circumstances of his case, "reasonable notice" requires that he be notified of all hearings through his bonding company.

Petitioner has shown that he has only an elementary education, does not speak English, and is unfamiliar with INS and Immigration Court procedures and policies. Petitioner asserts it is common practice for INS to notify bonding companies of hearing dates, and that INS officers instruct released aliens to contact their bonding companies to keep abreast of their appearance dates. Petitioner claims that both INS and his bonding company represented to him that he would be informed of his appearance dates by his bonding company. Petitioner's bonding company instructed him to check in every fifteen days to keep apprised of his court dates, and Petitioner did so.

INS, however, has shown that while it endeavors to send notice of appearance dates to released aliens' bonding companies, it does not always have the manpower to do so. INS has also shown that neither its local operating procedures nor the regulations require that it send such notices to bonding companies.[2] Furthermore, INS has shown that it is the Immigration Court, not INS, that is responsible for notifying released aliens of appearance dates, and that the Immigration Court notifies released aliens of appearance dates by regular mail. *See generally and compare,* 8 C.F.R. §§ 103.5a(a)(1), 103.5a(d). INS has shown that upon release, all illegal aliens are told to keep INS informed of their current addresses. INS notifies the Immigration Court of any changes of address.

The Court finds Petitioner's argument that "reasonable notice" requires notice to the bonding company to be without merit. Although Petitioner is unsophisticated, when he was released he knew that he was subject to deportation unless his application for political asylum was successful. Petitioner spent some twenty-two days in custody and had two appearances before the Immigration Judge. The Immigration Judge informed him of the seriousness of his situation and that his chances for political asylum were not good. The INS has shown that all released aliens are told to keep INS informed of their current addresses, and, moreover, the law requires

---

**2.** In his brief, Petitioner cites *Matter of Smith,* 17 I & N Dec. 146 (B.I.A.1977), for the proposition that reasonable notice requires notice to the released alien's bonding company. This decision, however, only states on the facts before the Court, "reasonable notice" was satisfied by notice to the bonding company, *not* that "reasonable notice" requires notice to the bonding company.

them to do so. *See* 8 U.S.C.A. §§ 1302(a), 1305(a); 8 C.F.R. §§ 264.1, 265.1. INS reports all changes of address to the Immigration Court. Petitioner should have known that his situation was grave and should have appreciated the necessity of doing as he was told by INS. Petitioner was not entitled to default upon his obligation to keep INS informed of his current address just because he was told his bonding company would also notify him of his appearances.

Petitioner testified, however, that INS never told him that he had an obligation to keep INS apprised of his current address. INS is unable to specifically show that Petitioner was informed of this obligation, but has shown its operating procedures require released aliens be informed of this obligation, and that INS officers do so inform each released alien. Petitioner's testimony is suspect. At the preliminary injunction hearing Petitioner stated he had never been before an Immigration Judge or had a hearing at any time on the issue of his deportability. Yet, Petitioner introduced into evidence the transcript of his June 27, 1984 hearing, which shows that Petitioner indeed had two hearings before an Immigration Judge while in custody. Moreover, Mr. Goldman, the INS attorney in charge of Petitioner's case, also testified as to the two hearings. Furthermore, Petitioner testified that he left El Salvador because both the government and the rebels sought to put him into military service. Petitioner's testimony contradicts his affidavit in support of his petition for a writ of habeas corpus and a temporary restraining order, wherein he states he left El Salvador because he deserted from the government's military forces as he opposed the civil war and no longer wished to be a part of it. While the Court is not unsympathetic to Petitioner's plight, it is clear that Petitioner will say anything to stay in this country, and thus his testimony is weighed in that light. The Court finds that Petitioner was told at the time of his release from custody that he had a duty to keep INS informed of his current address. The Court further finds that had Petitioner informed INS of his change of address, INS would have so notified the Immigration Court.

Petitioner, however, further argues that even if he was told to keep INS apprised of his address, he was not told the address of INS or otherwise told the procedure for notifying INS of his change of address. Petitioner further asserts that the INS's instructions to released aliens that they must keep INS informed of their current addresses, as well as instructions on how to inform INS of address changes and the address of INS, should be given to released aliens in writing in their native language at the time of release. The Court finds, however, that while distribution of detailed, written instructions is a better way, this is not required by the regulations or due process. Petitioner was told the seriousness of his situation at the June 27, 1984 hearing by the Immigration Judge, and upon his release from custody was given instructions on his legal responsibilities. It was incumbent upon Petitioner to comply with these instructions, and, given the circumstances, he should have realized the importance of doing so.

 The Court thus finds that INS and the Immigration Court took all the steps required by the regulations and due process to give Petitioner notice of the July 8, 1985 hearing. Petitioner did not receive notice of his hearing due to his own inexcusable neglect. Furthermore, the Court would note that the Immigration Judge found that Petitioner did not have a *prima facie* case for political asylum. The record submitted to this Court makes clear that Petitioner fears returning to El Salvador because of possible prosecution for desertion from military service. As the Immigration Judge stated in his order denying Petitioner's second motion to reopen, "any action brought by the authorities for [Petitioner's] ... actions would be in the form of prosecution not persecution which does not qualify the [Petitioner] ... for asylum/withholding of deportation."

The Court thus finds that Petitioner's arguments to reopen his case are without

merit. The Court finds that the District Director had ample reason to deny Petitioner a stay of deportation pending his appeal, and, thus, the District Director did not abuse his discretion in denying Petitioner a stay of deportation. The Court further finds that Petitioner has had a full and fair opportunity to present his case to the INS, and thus has not been denied his constitutional right to due process. *Bothyo*, 772 F.2d at 358.

The Court thus ORDERS that the temporary restraining order staying Petitioner's deportation be DISSOLVED. Furthermore, the Court finds that Petitioner is not being illegally or unconstitutionally detained and therefore ORDERS that Petitioner's application for writ of habeas corpus be DENIED, and that judgment be rendered in behalf of the Respondent.

This is a Final Judgment.