Dr. Nwafor S. OKECHUKWU, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. L–93–4.

United States District Court, S.D. Texas, Laredo Division.

June 14, 1993.

Nwafor S. Okechukwu, pro se.

Howard E. Rose, Sp. Asst. U.S. Atty., Houston, TX, for respondent.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before the Court is Petitioner's Writ of Habeas Corpus and Motion to Stay Deportation Proceedings. In February of 1986 Petitioner was indicted with conspiracy to violate 18 U.S.C. §§ 1001 and 1546, 28

U.S.C. § 1746, and violation of 18 U.S.C. §§ 1001 and 1546.[1] Petitioner pleaded guilty to all counts and was sentenced to three years confinement. Soon thereafter, as a direct result of these convictions, an order to show cause was issued against Petitioner charging him with being deportable due to his conviction for violation of 18 U.S.C. § 1546. On April 24, 1987, Petitioner appeared, represented by counsel, before Immigration Judge ("IJ") Burkholder, who, after finding Petitioner statutorily ineligible for voluntary departure, ordered his deportation. Petitioner's attorney filed an appeal to the Board of Immigration Appeals ("BIA") which affirmed the IJ's decision on March 30, 1990. More than two years later, on October 22, 1992, Petitioner's attorney filed a petition for review with the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit dismissed Petitioner's appeal as untimely. *Nwafor v. I.N.S.*, No. 92–5079 (Dec. 16, 1992). On January 11, 1993, Petitioner filed the present action in this Court. Respondent INS has filed a motion to dismiss for lack of subject matter jurisdiction. The immediate question presented is whether this Court may entertain Petitioner's application for habeas relief.

A threshold issue concerns the jurisdiction of this Court to review deportation orders. In 1961, in an effort to streamline the divergent methods of review available to aliens ordered deported, Congress enacted the Immigration and Nationality Act, codified at 8 U.S.C. § 1105a. The statute provides that petition for review in the appropriate court of appeals "shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation...." 8 U.S.C. 1105a(a). However, in faithfulness to Article I, section 9 of the United States Constitution, which provides that the Great Writ shall not be suspended except in instances of rebellion or invasion, Congress also provided that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." 8 U.S.C. 1105a(a)(10). Therefore, the statute, to some

---

1. These charges arose from a fraudulent marriage to Trudie Washington to obtain resident alien status.

extent, is facially contradictory. Clearly, the courts of appeals cannot be the exclusive tribunal for review of all final deportation orders if any alien in custody pursuant to a deportation order may obtain review thereof by habeas proceedings in district court. Nevertheless, mindful of Congress' intent to severely limit the availability of habeas review, several courts have held that district courts have no jurisdiction to review final orders of deportation. *See, Garcia v. Boldin,* 691 F.2d 1172, 1183 (5th Cir.1982); *Haitian Refugee Center v. Smith,* 676 F.2d 1023, 1033 (5th Cir.1982); *Villegas v. O'Neill,* 626 F.Supp. 1241, 1243 (S.D.Tex.1986); *Wellington v. I.N.S.,* 710 F.2d 1357, 1360 (8th Cir. 1983); *Emmanuel v. U.S.I.N.S.,* 579 F.Supp. 1541, 1544 (D.V.I.1984).

The Fifth Circuit Court of Appeals, in *U.S. ex rel. Marcello v. Dist. Director of I.N.S.,* reconciled the apparent conflict in the statute. 634 F.2d 964 (5th Cir.1981). The Court, after a review of the statute's legislative history, held that "Congress meant to establish two mutually exclusive modes for reviewing deportation orders: a general scheme of statutory review for cases where the alien was not 'held in custody' and a provision for habeas review where he was." *Id.* at 968. The Court went on to hold that "the phrase 'held in custody' ... [means] actual, physical custody in a place of detention. Until that had occurred ... the remedy of review by habeas corpus proceedings was [not] meant to apply but rather that of review by direct appeal." *Id.* at 969 (footnote omitted). *See also, Salehi v. District Director, I.N.S.,* 796 F.2d 1286 (10th Cir. 1986).

Petitioner has been incarcerated, that is, in actual physical custody since October 22, 1992. Therefore, Petitioner clearly meets the custody requirement of § 1105a(a)(10), the touchstone of habeas relief under the statute. Assuming *arguendo* that this Court has jurisdiction to review Petitioner's deportation order, the question thus presented is whether Petitioner's late request for habeas relief requires dismissal of his petition.

**2.** This period was reduced to ninety (90) days for orders entered on or after January 1, 1991. *Im-*

As stated above, Petitioner failed to timely appeal the BIA's affirmance of the IJ's order of deportation. The statute provides that "a petition for review may be filed not later than six months from the date of the final order of deportation...." 8 U.S.C. § 1105a(a)(1).[2] Petitioner's application for review by the Fifth Circuit Court of Appeals was filed over two years after the deportation order became final.

In *Marcello,* the Fifth Circuit discussed the identical situation now before this Court, that is, whether to entertain a petition for habeas relief filed after foregoing any effort at direct review within the statutory timeframe. The Court stated, "a mere failure to appeal at all within the six-month period provided would raise immediate questions of deliberate bypass of statutory remedies, and ... habeas relief would likely be held unavailable....". *Marcello,* 634 F.2d at 970. The Court noted in the analogous context of 28 U.S.C. § 2255 "that a deliberate bypass of the provided remedy of federal appeal generally forecloses raising by the extraordinary means of habeas issues that could have been asserted in the foregone appeal." *Id.* at footnote 10. Furthermore, requiring those subject to orders of deportation to avail themselves, within the statutory timeframe, of the right of review by direct appeal to the appropriate court of appeals comports with the statute's primary goal of consolidating juridical review of all final orders of deportation in one tribunal. *Id.* at 969.

On April 8, 1993, this Court ordered Petitioner and his attorney to explain in complete detail why the BIA's decision of March 30, 1990 was not timely appealed to the Fifth Circuit. Petitioner explained that neither his attorney, nor the Immigration and Naturalization Service, informed him of the BIA's decision. Petitioner further answered that although he questioned his attorney as to the status of his case, his attorney simply replied that he had heard nothing. Petitioner's attorney explained that the final order of the BIA was never received by him, probably due to his change of business address in August of 1988. In this connection, Petition-

*migration Act of 1990* (P.L. 101–649, Nov. 29, 1990, 104 Stat. 5048).

er's attorney states that instead of being forwarded by the United States Postal Service, the BIA's order was returned to the sending address. Respondent INS replies that Petitioner's counsel failed to file a change-of-address order with the INS, BIA, or IJ. *Additional Memorandum in Support of Motion to Dismiss, Exhibit A—Affidavit of Czechowicz.* Therefore, Respondent contends, Petitioner's counsel's ignorance of the BIA's March 30, 1990 decision was due to his own neglect.

■ A finding of deliberate bypass of the statutory remedy of direct review by the appropriate court of appeals should render habeas relief unavailable. *Marcello,* at 970. Congress enacted the statutory time limits specifically to prevent the undue delay in deportation caused by aliens filing petitions for review long after their cases had been decided. *Nocon v. I.N.S.,* 789 F.2d 1028, 1032 (3rd Cir.1986). To permit petitioners to knowingly bypass the statutorily afforded methods of judicial review would introduce an added level of review, and hence delay, and thereby undermine the efficiency and expediency Congress sought to achieve. Although the decision is a close one, this Court must conclude that Petitioner, through his attorney's neglect, deliberately bypassed his opportunity to appeal the BIA's decision to the Fifth Circuit. *See, Lee v. I.N.S.,* 685 F.2d 343 (9th Cir.1982) (dismissing untimely appeal for counsel's failure to notify BIA of change of address); *Quedraogo v. I.N.S.,* 864 F.2d 376 (5th Cir.1989) (declining to dismiss appeal as untimely where unable to discern when BIA mailed its decision to alien). In any event, even were this Court to address the merits of Petitioner's case, this Court would deny Petitioner's request for habeas relief. Because both the fact and appearance of fairness is essential to public confidence in our system of justice, this Court will briefly address Petitioner's claims. *See, Marshall v. Jerrico, Inc.,* 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182 (1980), *citing, Joint Anti–Fascist Committee v. McGrath,* 341 U.S. 123, 133, 71 S.Ct. 624, 629, 95 L.Ed. 817 (1951) (discussing generally the importance of both appearance and reality of fairness).

■ Several of Petitioner's charges can be quickly dismissed. To the extent Petitioner contests his deportability, it is clear that there exists "reasonable, substantial, and probative evidence on the record considered as a whole" which supports the order. 8 U.S.C. § 1105a(a)(4). The record reflects that Petitioner was convicted for making false statements on his visa application in violation of 18 U.S.C. § 1546. "Any alien who ... has been convicted ... of a violation of ... section 1546 of Title 18 ... is deportable." 8 U.S.C. § 1251(a)(3)(B). Therefore, there exists clear and convincing evidence that Petitioner is deportable. *Woodby v. I.N.S.,* 385 U.S. 276, 285, 87 S.Ct. 483, 487–88, 17 L.Ed.2d 362 (1966).

■ Petitioner also complains that he pleaded guilty to the above-mentioned charges without being informed of the full panorama of consequences that might follow, in particular, the effect such a plea might have on his immigration status. *Petition for Writ of Habeas Corpus, Para. 6 & 8.* It is settled law, however, that the possibility of deportation is only a collateral consequence of a guilty plea. *United States v. Osiemi,* 980 F.2d 344, 349 (5th Cir.1993). Therefore, the district court was not required, under Fed.R.Crim.P. 11, to discuss the possibility of deportation with Petitioner. *Id.; See also, United States v. Gavilan,* 761 F.2d 226, 228 (5th Cir.1985); *Garcia–Trigo v. United States,* 671 F.2d 147, 150 (5th Cir.1982).

■ Next, Petitioner contends that he was denied due process by the IJ's denial of a requested continuance to secure the attendance of Trudie Washington. Petitioner's counsel requested "a continuance ... to attempt to find the spouse ... to demonstrate the validity of the marriage". *Transcript of Immigration Proceedings,* p. 7. The IJ held that, given Petitioner's conviction for marriage fraud, such testimony was irrelevant. According to Petitioner's counsel, Ms. Washington's testimony was sought to attest to the genuineness of her marriage to Petitioner. This testimony would have constituted an impermissible collateral attack on Petitioner's conviction for violation of 18 U.S.C. § 1546. *Howard v. I.N.S.,* 930 F.2d 432, 436

(5th Cir.1991); *Zinnanti v. I.N.S.*, 651 F.2d 420, 421 (5th Cir. Unit A July 1981). Consequently, because Petitioner's convictions established the fraudulent character of his marriage to Ms. Washington, Petitioner is collaterally estopped from contesting that issue in his deportation proceedings. *Howard,* at 435–436; *See also, Superseding Indictment,* p. 2. Therefore, the BIA correctly affirmed the IJ's decision denying Petitioner's requested continuance. *Howard,* at 436.

 Petitioner's primary complaint concerns the IJ's denial of his request for voluntary departure. The IJ, and the BIA, concluded that Petitioner was statutorily ineligible for voluntary departure and therefore denied his request. *Transcript of Immigration Proceedings,* p. 15; *BIA Order,* p. 2. The pertinent statutory provision concerning voluntary departure, 8 U.S.C. § 1254(e)(1), provides:

> Except as provided in paragraph (2), the Attorney General may, in his discretion, permit any alien under deportation proceedings, ***other than an alien within the provisions of paragraph (2), (3) or (4) of section 1251(a) of this title*** ... to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure under this subsection. (emphasis added).

Clearly, any alien within the purview of 8 U.S.C. § 1251(a)(3) is statutorily ineligible to be permitted to voluntarily depart the United States, regardless of whether he establishes good moral character. Paragraph (3) of § 1251(a), provides that "[a]ny alien who at any time has been convicted ... of a violation of, or a conspiracy to violate, section 1546 of Title 18 (relating to fraud and misuse of visas, permits, and other entry documents), is deportable." Therefore, because Petitioner's convictions for violation of, and conspiracy to violate, 18 U.S.C. § 1546 render him statutorily ineligible to be granted voluntary departure under 8 U.S.C. § 1254(e)(1), the BIA's decision in this regard was correct.

 Finally, Petitioner claims that the order to show cause failed to apprise him of the nature of the charges against him and failed to comply with the specificity requirement of 8 C.F.R. 242.1(b). However, Petitioner failed to raise these issues before the IJ, or on appeal to the BIA. Clearly, issues not raised before the BIA may not be raised for the first time upon appeal of the BIA's decisions. *Ravindran v. I.N.S.*, 976 F.2d 754, 761 (1st Cir.1992). Petitioner is required to have exhausted his administrative remedies before seeking judicial relief. *Id. See,* 8 U.S.C. § 1105a(c) ("An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right ...."). Therefore, because Petitioner could have raised these claims before the IJ, and on appeal to the BIA, he has failed to exhaust his administrative remedies with regard to these claims and thus waived his right to have them heard in this Court. *Id.; See also, Vargas v. U.S. Dept. of Immigration,* 831 F.2d 906, 908 (9th Cir.1987).

For all the foregoing reasons, Petitioner's Petition for Habeas Corpus shall be DISMISSED, and his Motion for Stay of Deportation is DENIED.