**Sandeep SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Civ. A. No. L–93–47.**

United States District Court,
S.D. Texas,
Laredo Division.

June 14, 1993.

Sandeep Singh, pro se.

Howard E. Rose, Sp. Asst. U.S. Atty., Houston, TX, for respondent.

### MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus and Motion to Stay Deportation Proceedings. Petitioner seeks judicial review of the Board of Immigration Appeals' ("BIA") November 17, 1992 decision affirming the Immigration Judge's ("IJ") decision denying his petition for asylum and ordering him deported to India, as well as a stay of ongoing deportation proceedings pending such review. Respondent Immigration and Naturalization Service ("INS") opposes Petitioner's request for habeas relief on the grounds that such request is untimely and that this Court lacks subject matter jurisdiction to review final orders of deportation. The immediate question presented is whether this Court may entertain Petitioner's application for habeas relief.

A threshold issue concerns the jurisdiction of this Court to review deportation orders. In 1961, in an effort to streamline the divergent methods of review available to aliens ordered deported, Congress enacted the Immigration and Nationality Act, codified at 8 U.S.C. § 1105a. The statute provides that petition for review in the appropriate court of appeals "shall be the sole and exclusive procedure for, the judicial review of all final orders ·of deportation. . . ." 8 U.S.C. 1105a(a). ·However, in faithfulness to Article I, section 9 of the United States Constitution which provides that the Great Writ shall not be suspended except in instances of rebellion or invasion, Congress also provided that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." 8 U.S.C. 1195a(a)(10). Therefore, the statute, to some extent, is facially contradictory. Clearly, the courts of appeals ·cannot be the exclusive tribunal for review of all final deportation orders if any alien in custody pursuant to a deportation order may obtain review thereof by habeas proceedings in district court. Nevertheless, mindful of Congress' intent to severely limit the availability of habeas review, several courts have held that district courts have no jurisdiction to review final orders of deportation. *See, Garcia v. Boldin,* 691 F.2d 1172, 1183 (5th Cir.1982); *Haitian Refugee Center v. Smith,* 676 F.2d 1023, 1033 (5th Cir.1982); *Villegas v. O'Neill,* 626 F.Supp. 1241, 1243 (S.D.Tex.1986); *Wellington v. I.N.S.,* 710 F.2d 1357, 1360 (8th Cir. 1983); *Emmanuel v. U.S.I.N.S.,* 579 F.Supp. 1541, 1544 (D.V.I.1984).

Nevertheless, the Fifth Circuit Court of Appeals, in *U.S. ex. rel. Marcello v. Dist. Director of I.N.S.,* reconciled the apparent conflict in· the statute. 634 F.2d 964 (5th Cir.1981). The Court, after a review of the statute's legislative history, held that "Congress meant to establish two mutually exclusive modes for reviewing deportation orders: a general scheme of statutory review for cases where the alien was not 'held in custody' and a provision for habeas review where he was." *Id.* at 968. The Court went on to

hold that "the phrase 'held in custody' ... [means] actual, physical custody in a place of detention. Until that had occurred ... the remedy of review by habeas corpus proceedings was [not] meant to apply but rather that of review by direct appeal." *Id.* at 969 (footnote omitted). *See also, Salehi v. District Director, I.N.S.,* 796 F.2d 1286 (10th Cir. 1986).

Petitioner has been incarcerated, that is, in actual physical custody since March 10, 1993. Therefore, Petitioner clearly meets the custody requirement of § 1105a(a)(10), the touchstone of habeas relief under the statute. Assuming *arguendo* that this Court has jurisdiction to review Petitioner's deportation order, the question thus presented is whether Petitioner's failure to seek direct review of his deportation order requires dismissal of his petition.

On April 7, 1987 Petitioner was served with an Order to Show Cause charging him with being deportable for working in the United States without permission. On July 6, 1987, Petitioner appeared with counsel for his deportation hearing before the IJ and conceded deportability. Thereafter, Petitioner filed an application for political asylum and withholding of deportation which resulted in a hearing on December 14, 1987. The IJ denied Petitioner's request for political asylum and withholding of deportation. On December 23, 1987, Petitioner, through counsel, appealed this decision to the BIA which affirmed the IJ in a decision dated November 17, 1992. This decision was served on Petitioner's counsel in accord with the applicable regulations. 8 C.F.R. §§ 3.1(f), 292.5(a). Petitioner has never appealed the BIA's decision to the Fifth Circuit Court of Appeals, much less do so within the applicable time limits.[1]

In *Marcello,* the Fifth Circuit discussed the identical situation now before this Court, that is, whether to entertain a petition for habeas relief filed after foregoing any effort at direct review within the statutory timeframe. The Court stated, "a mere failure to appeal at all within the six-month period provided would raise immediate questions of deliberate bypass of statutory remedies, and ... habeas relief would likely be held unavailable...." *Marcello,* 634 F.2d at 970. The Court noted in the analogous context of 28 U.S.C. § 2255 "that a deliberate bypass of the provided remedy of federal appeal generally forecloses raising by the extraordinary means of habeas issues that could have been asserted in the foregone appeal." *Id.* at footnote 10. Furthermore, requiring those subject to orders of deportation to avail themselves, within the statutory timeframe, of the right of review by direct appeal to the appropriate court of appeals comports with the statute's primary goal of consolidating juridical review of all final orders of deportation in one tribunal. *Id.* at 969.

On April 26, 1993, this Court ordered Petitioner to explain in complete detail whether the BIA's decision of November 17, 1992 was appealed to the Fifth Circuit, and if not, why not. Petitioner has explained simply that direct review of the BIA's decision was not sought because he felt such an appeal would have been dismissed as untimely. *Response to Information Requested by Court,* p. 3 (May 12, 1993). Petitioner also complains that his counsel waited thirty days to inform Petitioner of the BIA's decision. *Petitioner's Motion,* p. 2 (June 9, 1993).

As stated above, deliberate bypass of the statutory remedy of direct review by the appropriate court of appeals should render habeas relief unavailable. *Marcello,* at 970. Congress enacted the statutory time limits specifically to prevent the undue delay in deportation caused by aliens filing petitions for review long after their case had been decided. *Nocon v. I.N.S.,* 789 F.2d 1028, 1032 (3rd Cir.1986). To permit petitioners to knowingly bypass the statutorily afforded methods of judicial review would introduce an added level of review, and hence delay, and thereby undermine the efficiency and expediency Congress sought to achieve.

Significantly, it is clear that Petitioner's attorney received a copy of the BIA's decision. *See, Respondent's Motion to Dismiss, Exhibit H & I.* This Court concludes that

---

1. The statute provides that "a petition for review may be filed not later that 90 days after the date of the issuance of the final deportation order...." 8 U.S.C. § 1105a(a)(1) (1990).

146

Petitioner's attorney was aware of the BIA's decision, failed to appeal the BIA's decision, and thereby deliberately bypassed the statutorily afforded method of direct review. *See, Chang v. Jiugni,* 669 F.2d 275, 277–78 (5th Cir.1982). Moreover, it is also clear that Petitioner himself was aware of the BIA's decision and failed to timely appeal his case. Assuming, without deciding, that the appellate timeframe was contracted by thirty days due to his attorney's failure to promptly notify Petitioner of the BIA's decision, Petitioner himself failed to appeal within ninety days of being informed of that decision.

In sum, this Court concludes that Petitioner, individually and through counsel, deliberately bypassed the statutorily prescribed method of judicial review of his case and therefore is precluded from raising those claims by habeas proceedings in this Court. Under those circumstances, this Court lacks the jurisdiction to consider Petitioner's untimely request for habeas relief. Petitioner's Petition for Habeas Corpus shall be DISMISSED and his Motion to Stay Deportation Proceedings is DENIED.

### FINAL JUDGMENT

For reasons detailed in a Memorandum Opinion of even date, it is ORDERED that Petitioner's Petition for habeas relief under 8 U.S.C. § 1105a(a)(10) is DISMISSED.