**UNITED STATES of America,**

v.

**Veronica CRADDOCK.**

**Crim. No. H–90–26.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 23, 1994.

334

Thomas Meeham, Asst. U.S. Atty., Houston, TX, for plaintiff.

David Richard Bires, Houston, TX, for defendant.

## ORDER

HITTNER, District Judge.

Pending before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Veronica Craddock ("Craddock"). Having considered the motion, the submissions on file, the arguments of counsel at a hearing conducted before the Court on January 6, 1994, and the applicable law, the Court determines that the motion should be denied and the Court declines to intervene in the deportation of defendant Craddock.

On November 26, 1990, Craddock pleaded guilty to conspiracy to manufacture in excess of 100 grams of methamphetamine. On February 25, 1991, Craddock was sentenced in accordance with the plea agreement to 60 months confinement and a five year term of supervised release. The presentence investigation report indicated that Craddock was a Mexican national. At defendant's rearraignment and sentencing, the Court did not admonish Craddock that a conviction for the offense to which she was pleading guilty could result in her deportation if she was not a United States citizen.

Subsequent to Craddock's incarceration, she was placed under an Immigration and Naturalization Service ("INS") detainer pending an INS deportation hearing. Following the deportation hearing on December 12, 1991, the Administrative Law Judge of the INS entered an order that Craddock be deported to Mexico upon her release from imprisonment. The deportation order was eventually affirmed by the United States Court of Appeals for the Sixth Circuit. *See Craddock v. Immigration and Naturalization Service*, 997 F.2d 1176, 1179 (6th Cir. 1993).

Through the instant motion, Craddock requests that she be allowed to withdraw her guilty plea based on the Court's failure to admonish defendant of the possibility of de-

portation. Essentially, Craddock argues that the Court's failure to inform defendant of the possibility of deportation renders the guilty plea involuntary.

■ Initially, the Court notes that Craddock's guilty plea was accepted in compliance with the Federal Rules of Criminal Procedure. Specifically, in accepting a guilty plea, Rule 11(c) requires the Court to advise the defendant of the nature of the charges against the defendant, the right to counsel, the right to a jury trial, the waiver of the right to a jury trial by pleading guilty, and the possibility that defendant's answers under oath, on the record, may later be used against defendant in a prosecution for perjury. Fed.R.Crim.P. 11(c). Rule 11 does not require the Court to admonish the defendant of the possibility of deportation if the defendant is not a United States citizen. *See United States v. Romero–Vilca,* 850 F.2d 177, 179 (3rd Cir.1988); *Downs–Morgan v. United States,* 765 F.2d 1534, 1537 (11th Cir. 1985). Therefore, Craddock was sufficiently admonished of the consequences of her guilty plea pursuant to Rule 11(c).

■ Further, Craddock's collateral attack upon the voluntariness of her plea will invalidate the guilty plea only upon a showing that the failure to admonish defendant of the possibility of deportation " 'resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure.' " *United States v. Stumpf,* 900 F.2d 842, 845 (5th Cir.1990) (*quoting United States v. Prince,* 868 F.2d 1379, 1385 (5th Cir.) *cert. denied* 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989)). In this regard, it has been consistently held that a defendant's ignorance of the prospect of deportation alone is insufficient to render a guilty plea involuntary. *Accord Romero–Vilca,* 850 F.2d at 179; *Downs–Morgan,* 765 F.2d at 1538; *United States v. Gavilan,* 761 F.2d 226, 228 (5th Cir.1985). Thus, Craddock cannot sustain her burden of demonstrating that the error, if any, in failing to apprise Craddock of the potential for deportation following her guilty plea resulted in a complete miscarriage of justice or an inherently unfair proceeding.

■ Additionally, it has been held that "defendants have no due process right to be informed of the collateral consequences of criminal proceedings." *United States v. Banda,* 1 F.3d 354, 355 (5th Cir.1993). Deportation is a collateral consequence of a criminal proceeding. *Id.* at 356. Therefore, Craddock's guilty plea should not be set aside for the further reason that Craddock's due process rights were fully observed, notwithstanding the Court's failure to admonish Craddock of the possibility of deportation.

■ Having determined that ·Craddock's guilty plea should not be invalidated, the Court declines to otherwise intervene in Craddock's deportation. Pursuant to 8 U.S.C. § 1105a(a), the "sole and exclusive procedure for the judicial review of all final orders of deportation" shall be in the federal courts of appeal. Accordingly, this Court is without jurisdiction to stay or modify enforcement of the INS order for the deportation of Craddock upon her release from incarceration. *See Villegas v. O'Neill,* 626 F.Supp. 1241, 1243 (S.D.Tex.1986); *but see Singh v. United States,* 825 F.Supp. 139, 144–45 (S.D.Tex.1993) (holding that district court has jurisdiction to review deportation order by habeas corpus proceedings under 8 U.S.C. § 1105a(a)(10)).

Moreover, in affirming the INS order, the Sixth Circuit amply considered the extenuating circumstances of Craddock's deportation. Specifically, in balancing the equities, the Sixth Circuit acknowledged that Craddock has been residing in the United States for thirty years since she was three-years old, that she has no close family members in Mexico, and that she is married to a United States citizen and is the mother of two children who are also United States citizens. However, the Sixth Circuit noted that the adverse factors, including Craddock's two prior convictions for narcotics offenses and continuous drug use while raising her children, outweighed the mitigating factors and, therefore, the deportation order was reasonable.[1]

---

1. The Sixth Circuit expressly held that:

    [T]he [Board of Immigration Appeals] properly

concluded that Craddock needed to demon-

Finally, although Craddock is subject to severe hardship as a result of her deportation, she is solely accountable for her current predicament, as she failed to become a naturalized citizen of the United States. Indeed, Craddock's sister, Doris Levenson, who was also born in Mexico, availed herself of the opportunity to become a United States citizen by fulfilling the requirements for naturalization. By contrast, Craddock neglected to pursue the privilege of naturalization during the more than thirty years that she has resided in this country. Thus, Craddock cannot now complain of the adverse consequences of her own failure to appreciate the prospect of American citizenship. Craddock's deportation plight is yet another example of the value of American citizenship, even for convicted felons.

strate outstanding and unusual equities in order to secure relief. While finding that petitioner had established such equities, the BIA concluded nevertheless that her equities did not outweigh the adverse factors, and therefore it was not in the best interest of this country to grant relief. The BIA's decision was rational and did not depart from established policies or rest on an impermissible basis. In upholding the Board, we recognize the severe hardship that will result from a mother, either with or without her young children, being returned to a country in which she has not lived since she was a very young child. Counterbalanced against this, however, are three drug convictions; her extensive narcotics addiction; her own neglect of her children; and the fact that, since she was 15 years old, she had made bad choices as to her companions and contributed little or nothing to society.

*Craddock v. Immigration and Naturalization Service*, 997 F.2d 1176, 1179 (6th Cir.1993).