[Crim. No. 27034. Second Dist., Div. Two. Dec. 15, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE ROBERT RUIZ, Defendant and Appellant.

COUNSEL

George S. Vorgitch, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Donald J. Oeser and Penina S. Van Gelder, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROTH, P. J.**—Appellant appeals from two several orders revoking his probation in CR. 8265 and CR. 9389 (in which cases sentence had been suspended), made after a final hearing, which had been with his consent and that of his counsel periodically postponed to await the result of CR 10879 pending in the same court in which case appellant was a defendant.

No question is raised as to the regularity of the proceedings or the sufficiency of the evidence to sustain the orders.

Appellant contends, however, that the orders are legally defective on two grounds: (1) failure of the court to make a written statement of its reasons for revocation deprived him of procedural due process and (2) inclusion in the record of the complete probation reports in 10879 in addition to reports in 8265 and 9389 was improperly prejudicial.

The trial court did not file a written statement but the minutes of the court fortified by the reporter's transcript reflect that both sides were invited to present evidence; that each relied on the probation reports referred to, and a four-page letter from Victory Outreach, introduced by appellant as a supplement to the probation report in case No. 10879; argued the evidence above mentioned and submitted. The minutes further recite that the court considered the reports and the letter; revoked probation in each of 8265 and 9389; appellant waived formal arraignment in each of the cases; stated that no legal reason existed why judgment should not be pronounced, whereupon the court decreed that appellant be imprisoned in state prison for possession of heroin in each of the two cases with the sentences in each to run concurrently with a sentence for possession of heroin previously pronounced in 10879; fixed the number of days previously served and requested diagnostic information under the provisions of Penal Code section 1168.

Appellant's contention that a written statement of reasons for revocation of probation is grounded upon *In re Sturm* (1974) 11 Cal.3d 258 [113 Cal.Rptr. 361, 521 P.2d 97], which treats with procedure for revocation of parole. There is a distinction between revocation of parole and revocation of probation. In *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313], our Supreme Court, referring to *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593] stated: ". . . the

precise nature of the proceedings for such revocation [1] need not be identical if they assure equivalent due process safeguards." (8 Cal.3d at p. 458; see also 8 Cal.3d at p. 459, fn. 8.) There is a solid reason for requiring parole authorities to make a written report and summary of reasons for revocation of parole. Parole is an administrative proceeding held in a prison setting, the hearing officer may not be legally trained, and the parolee may or may not have counsel. In these circumstances a written report insures that the actions of the parolling authority have not been arbitrary. A probation revocation hearing is a judicial proceeding, the probationer is generally before the court at two hearings, a preliminary and a final, with counsel, and there is a written transcription of the record of the proceedings. In *People* v. *Scott* (1973) 34 Cal.App.3d 702, 707 [110 Cal.Rptr. 402], an identical contention was made. The court stated: ". . . the test of due process is not the making of written findings but whether the matters presented as grounds for possible revocation were sufficient to support such action, whether they have been shown to be true, and if controverted, whether the judge has found the controverted matters to be true."

The written record at bench is replete with procedural due process and amply supports the original charges[2] and in addition shows that appellant admitted he had been convicted of possession of heroin at a time when he was on two concurrent probations for possession of heroin and that he had admitted to the probation officer he was selling heroin. In our opinion the guidelines set forth in *Vickers* have been substantially complied with.

█ With respect to appellant's second point, it is clear that he sought at the outset of the hearing to have the probation report in 10879 introduced with certain exclusions, the most important of which indicated that he had admitted selling heroin but as a result a plea bargain of guilty to possession was accepted. When the court refused to accede to such procedure, appellant requested that a four-page letter from Victory Outreach be made a part of the report and the request was granted. █ Under section 1203.2 of the Penal Code the trial court is per-

---

[1]In *Morrissey* the subject of discussion was procedure in revocation for parole.

[2]The basis for the charges was the declaration of probation officer which alleged: "1. Ventura County Sheriff's Crime Laboratory analysis of a urine specimen submitted by the defendant on September 17, 1974, revealed the presence of morphine. 2. The defendant has moved from his last known residence in Santa Paula and efforts to locate the defendant have been futile. 3. A felony warrant was issued for the defendant's arrest by Judge McGrath on 10-2-74, resulting from a complaint (FY 02400) alleging violation of 11352 and 11350 H & S Code."

mitted to receive reports of a probation officer. (*In re Thomas* (1972) 27 Cal.App.3d 31 [103 Cal.Rptr. 567].) If a defendant has a quarrel with the contents of the report he may then request a hearing and refute any allegations that he feels are unfounded. (*People* v. *Calais* (1974) 37 Cal.App.3d 898 [112 Cal.Rptr. 685]; compare *People* v. *Peterson* (1973) 9 Cal.3d 717 [108 Cal.Rptr. 835, 511 P.2d 1187].) ▮ The trial judge asked for evidence and the record shows that appellant chose not to submit any evidence other than to supplement the probation report (parts of which he desired to exclude) with the four-page letter from Victory Outreach. The admission of the probation reports in all cases did not constitute error.

The judgment is affirmed.

Fleming, J., and Compton, J., concurred.