[No. A038378. First Dist., Div. Three. Feb. 19, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMON V. CAMPOS, Defendant and Appellant.

**COUNSEL**

Robert Berg, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Ronald S. Matthias, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHITE, P. J.**—Defendant and appellant Ramon V. Campos appeals from the judgment of the Superior Court of San Francisco County, entered after the trial court revoked his probation, sentencing him to prison for 16 months for a violation of Penal Code section 487, subdivision 3 (grand theft of an automobile). Appellant contends on appeal that (1) the probation officer's conclusion that appellant's reentry to the United States was "illegal" does not provide a sufficient basis for revocation of probation; and (2) the trial court in revoking appellant's probation failed to consider as a mitigating factor that he had been deported. We have found no merit to either of these contentions and have affirmed the judgment.

Appellant pled guilty to a violation of Penal Code section 487, subdivision 3, and on June 6, 1983, the trial court suspended imposition of sentence and placed appellant on probation for three years on condition that he spend six months in county jail. Upon completion of his sentence in county jail, appellant was deported to Mexico. On March 21, 1986, Probation Officer George Hawthorne filed a motion to revoke appellant's probation alleging that appellant had never reported and could not be contacted by mail and stating that appellant had been deported following his release from county jail. The motion was granted and a no-bail bench warrant was issued.

On February 15, 1987, appellant was arrested for a violation of Vehicle Code section 20002 (hit and run) at which time his no-bail bench warrant was discovered. The following occurred in regard to revocation of appellant's probation: On February 18, 1987, he was returned to court and a

bilingual interpreter was sworn, the public defender was appointed to represent appellant and the cause was referred to the probation department for a supplemental report. The supplemental probation report contains a statement of facts surrounding the hit and run incident. The supplemental report also contains the statement that appellant had "never reported to the Probation Department." The supplemental report also includes a summary of the interview the probation officer had with appellant. Under the heading "evaluation" the supplemental probation report states: "The defendant is an illegal alien, having been deported August 13, 1983. He states that he returned to the United States, illegally, approximately two years ago." On March 26, 1987, appellant waived his right to a formal hearing on the petition to revoke his probation and agreed to submit the cause on the basis of the supplemental report of the probation department; however appellant's counsel reserved the right to argue against the report. Defense counsel argued at the probation revocation hearing that there was nothing to substantiate the statement of the probation officer that appellant was in the country illegally. At the hearing the People introduced into evidence a certified copy of the order and warrant of deportation of appellant which states that the date of departure of appellant from the United States was August of 1983. Following argument, the court revoked appellant's probation on the grounds that appellant had illegally returned to the United States and that appellant had never reported to the probation department.

On appeal appellant contends that the trial court improperly relied upon the statement in the probation report that he had "illegally" returned to the United States. Appellant asserts that there must be a factual basis for statements in the probation report before a court may rely on said statements to revoke probation. Appellant states: "In the instant case the bare conclusion that appellant's reentry was illegal is merely speculative." Appellant further argues that although it is undisputed that he failed to report to the probation department, the fact that he had been deported should be considered a factor in mitigation and there is nothing in the record to show that the trial court so considered this factor.

At the probation revocation hearing counsel for appellant argued there was nothing in the probation report to substantiate whether appellant's return to the United States was legal or illegal. At this point the trial court stated: "I'm prepared to listen to any evidence that you wish to present including the testimony of [appellant] that he is presently in the United States legally." Counsel for appellant informed the trial court that appellant was standing on "his right to remain silent and does stand on that it is the People's burden, and we just submit that we don't believe the People met their burden and we submit it."

█ It is implicit in every order granting probation that the defendant refrain from engaging in criminal practices. Illegally entering the United States after deportation is a violation of probation under the implicit condition that the defendant obey all laws. (*People* v. *Cortez* (1962) 199 Cal.App.2d 839, 844-845 [19 Cal.Rptr. 50].)

█ It is true that there must be a factual basis to support an order revoking probation and the probation report must contain some reliable factual information from which the trial court can determine if a violation of probation has occurred. (*In re Stallings* (1970) 5 Cal.App.3d 322, 334 [85 Cal.Rptr. 96].) If appellant wished to refute the statement that he was illegally in the country, he could have done so by presenting evidence at the probation revocation hearing rather than submitting the cause on the supplemental probation report. (*People* v. *Ruiz* (1975) 53 Cal.App.3d 715, 718-719 [125 Cal.Rptr. 886].) "Under section 1203.2 of the Penal Code the trial court is permitted to receive reports of a probation officer. [Citation.] If a defendant has a quarrel with the contents of the report he may then request a hearing and refute any allegations that he feels are unfounded. [Citations.]" (*Ibid.*)

█ The certified copy of the order and warrant of deportation of appellant that was entered into evidence at the probation revocation hearing along with the statement in the supplemental probation report that appellant had been deported on August 13, 1983, provided a factual basis from which the trial court could determine whether appellant was in the United States legally or illegally. Neither party at the hearing on the probation revocation or in this court has discussed the legal effect of the fact that appellant had been deported a year or so before his return to the United States. The legal effect of a fact that is stated in the probation report or a document introduced into evidence at the probation revocation hearing is very different from the requirement that there be a factual basis to support an order revoking probation. The factual basis must be either in the probation report or introduced at the hearing on probation revocation, but whether the facts stated constitute grounds for revocation is a question for the trial court. The factual basis (appellant's deportation) was sufficient for the trial court to determine whether there had been a violation of appellant's probation because he was illegally in the country.

Appellant had been deported pursuant to section 241(a)(2) of the Immigration and Nationality Act. (8 U.S.C.A. § 1251(a)(2).) This provision of the Immigration and Nationality Act relates to unlawful entry into the United States or entry into the United States that does not comply with certain conditions. (*Laredo-Miranda* v. *Imm. & Nat. Service* (5th Cir. 1977) 555 F.2d 1242.) If an alien's entry into the United States falls within section

241(a)(2) of the Immigration and Nationality Act, he or she is subject to deportation. In *Emmanuel* v. *U.S.I.N.S.* (D.Va. 1984) 579 F.Supp. 1541, petitioner had been deported pursuant to section 241(a)(2) of the Immigration and Nationality Act as was appellant in the instant case. Petitioner in *Emmanuel* in order to be allowed to reenter the United States had to file an application to reapply for admission after deportation based upon 8 United States Code Annotated section 1182(a)(17). Section 1182 provides: "(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States: . . . . (17) Aliens who have been arrested and deported, or who have fallen into distress and have been removed pursuant to this chapter or any prior act, or who have been removed as alien enemies, or who have been removed at Government expense in lieu of deportation pursuant to section 1252(b) of this title, and who seek admission within five years of the date of such deportation or removal, unless prior to their embarkation or reembarkation at a place outside the United States or their attempt to be admitted from foreign contiguous territory the Attorney General has consented to their applying or reapplying for admission." Subdivision (a)(9) of section 1182 is also pertinent to whether appellant was legally in the United States. This subdivision provides that aliens who have been convicted of, or admitted committing, a crime involving moral turpitude within five years of applying for admission to the United States shall be excluded from admission into the United States. Appellant admitted he committed grand theft of a vehicle just two years before he reentered the United States. Under the above provisions of the Immigration and Nationality Act that were in effect when appellant reentered the country, the likelihood that appellant was in the United States legally when his probation was revoked is highly improbable at best. Therefore, the order and warrant of deportation of appellant and the supplemental probation report provide reliable factual information (the deportation of appellant) from which the trial court could determine that a violation of appellant's probation had occurred because he was illegally in the country. The prosecution met its burden of proof when it introduced a certified copy of the order and warrant of deportation of appellant at the probation revocation hearing.

Furthermore, the statement in the supplemental probation report that appellant returned to the United States illegally is ambiguously worded. As noted above this part of the report provides: "He states that he returned to the United States, illegally, approximately two years ago." This statement in the report appears to indicate that appellant himself characterized his return to the United States as illegal. Appellant could have resolved any possible ambiguity in this statement by merely testifying at the probation revocation hearing that he did not state to the probation officer that his return to the United States was illegal. Given the wording of the contested

statement and appellant's failure to refute the statement, the trial court could have concluded that appellant admitted that he returned to this country illegally. (*People* v. *Ruiz, supra,* 53 Cal.App.3d 715, 718-719.)

■ Turning to appellant's second contention, the trial court was not required to consider as a factor in mitigation that appellant had been deported when basing the revocation of probation partly on the fact that appellant had not reported to the probation department. A defendant who is deported while on probation may be found in violation of that probation for failure to report to the probation department although his deportation makes it impossible for the defendant to fulfill this condition of his probation. "Obviously, a convicted illegal alien felon, upon deportation, would be unable to comply with any terms and conditions of probation beyond the serving of any period of local incarceration imposed." (*People* v. *Sanchez* (1987) 190 Cal.App.3d 224, 231 [235 Cal.Rptr. 264].)

Furthermore, the fact that appellant had been deported did not make reporting to the probation department impossible after his return to the United States in 1985. Even if the fact that appellant had been deported could be considered a mitigating factor, the fact that appellant did not report during the time he was in Mexico does not excuse his failure to report after returning to the United States.

The judgment is affirmed.

Barry-Deal, J., and Merrill, J., concurred.