[No. A127159. First Dist., Div. Four. Sept. 9, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
LAVEITIGAOTUMUA LAUFASA, Defendant and Appellant.

**COUNSEL**

Jennifer M. Sheetz, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Gregg E. Zywicke, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SEPULVEDA, J.**—Defendant was convicted of two drug offenses after he was caught at Oakland International Airport concealing methamphetamine. He contends that the trial court lacked the authority to order him not to enter the country illegally if he is ever deported. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was arrested on August 11, 2009, after a patsearch at Oakland International Airport revealed that he was carrying 900 grams (about two

pounds) of crystal methamphetamine hidden in pockets of spandex shorts under his clothing. Defendant was charged with one felony count of possession of methamphetamine for sale (Health & Saf. Code, § 11378—count 1), with an enhancement for possessing for sale more than 57 grams of the substance (Pen. Code, § 1203.073, subd. (b)(2)), and one felony count of transportation of methamphetamine for sale (Health & Saf. Code, § 11379, subd. (a)—count 2). The information further alleged a prior strike (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)). A jury convicted defendant of both counts and found the enhancement true, and defendant admitted the prior strike in a bifurcated proceeding.

The probation department reported that defendant was not a United States citizen, and that United States Immigration and Customs Enforcement had been notified of that fact on December 10, 2009. The probation department recommended that the court order that if defendant was deported, that he not return to the United States illegally.

After it first denied defendant's motion to dismiss his prior strike (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]), the trial court sentenced defendant to the upper term of four years on the transportation count, doubled because of the strike, for a total of eight years in prison.[1] At the sentencing hearing, the trial court also ordered "that if you [defendant] are deported from the United States, you are not to return to the United States illegally. You are only to return to the United States if you do so legally, sir." Defendant timely appealed.

## II.

### DISCUSSION

Defendant's sole argument on appeal is that the trial court lacked authority to impose a condition that he not reenter the country illegally if he is ever deported. Although we agree that this issue was not waived by failure to raise it below (*People v. Smith* (2001) 24 Cal.4th 849, 852 [102 Cal.Rptr.2d 731, 14 P.3d 942] [no waiver despite lack of objection where trial court imposes sentence in excess of jurisdiction]), it lacks merit.

■ "Power to regulate immigration is unquestionably exclusively a federal power." (*De Canas v. Bica* (1976) 424 U.S. 351, 354 [47 L.Ed.2d 43, 96 S.Ct. 933]; see also *In re Manuel P.* (1989) 215 Cal.App.3d 48, 61–62 [263 Cal.Rptr. 447].) "[S]tate regulation affecting the determination of who should

---

[1] The trial court also imposed a six-year term on the possession count, stayed pursuant to Penal Code section 654.

or should not be admitted into the country or placing conditions under which a legal entrant may remain, violates the exclusive power over immigration and deportation constitutionally vested solely in the federal government." (*In re Adolfo M.* (1990) 225 Cal.App.3d 1225, 1232 [275 Cal.Rptr. 619].) However, " 'it is clear that this [exclusive federal] power does not preempt every state activity affecting aliens.' " (*Ibid.* [although state court may not condition reentry into United States upon its written permission, it may order that defendant not return to country without proper documentation].) Courts previously have upheld the imposition of probation conditions that prohibit a person from entering the country unless legally authorized to do so. (*Id.* at p. 1233, citing *United States v. Jalilian* (10th Cir. 1990) 896 F.2d 447, 449; see also *United States v. Castillo-Burgos* (9th Cir. 1974) 501 F.2d 217, 220, overruled on another ground in *United States v. Rubio-Villareal* (9th Cir. 1992) 967 F.2d 294, 296 [court may impose condition of probation that if defendant is deported, he may not return to country without proper papers].)

Defendant claims that the trial court's "order would permit the state court to determine the legality of [defendant's] entry into the United States and potentially punish appellant for a violation of federal law." To the contrary, ordering that defendant not enter the country illegally "simply echoes existing federal requirements pertaining to immigration and the reentry of those subject to prior deportation proceedings . . . ." (*In re Adolfo M., supra,* 225 Cal.App.3d at p. 1233; see also *People v. Campos* (1988) 198 Cal.App.3d 917, 921 [244 Cal.Rptr. 75] [illegally entering United States after deportation is violation of probation under implicit condition that defendant obey all laws].) The trial court did not act in excess of its jurisdiction.

### III.

#### DISPOSITION

The judgment is affirmed.

Ruvolo, P. J., and Reardon, J., concurred.

A petition for a rehearing was denied September 29, 2010, and appellant's petition for review by the Supreme Court was denied December 21, 2010, S187416. George, C. J., and Werdegar, J., did not participate therein.