Filed 12/16/13  P. v. Moran CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039330 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1243366) |
| v. | |
| JEFFREY MICHAEL MORAN, | |
| Defendant and Appellant. | |

In this appeal, appellant Jeffrey Moran challenges as overbroad a condition of probation that requires him to not "go on the premises, parking lot adjacent or any store of Home Depot in the state of California."   For reasons that follow we agree with appellant that the condition is overbroad.

*Facts and Proceedings Below[1]*

On October 19, 2012, appellant took batteries and other merchandise from a display rack in the Home Depot store located at 2181 Monterey Road.  Appellant concealed the merchandise in his backpack and then walked out of the store past all the points of sale without paying for the items.

---

[1]     There was no preliminary hearing in this case.  Accordingly, we summarize the facts from the police report and the Home Depot asset protection specialist's reports that were the stated factual basis for appellant's plea in this case.  On July 9, 2013, we granted appellant's request to augment the record with these reports.

Tom Nguyen, the store's asset protection specialist, confronted appellant outside the store and instructed appellant to accompany him back inside. Appellant complied. All the merchandise was recovered. When appellant was asked why he did not pay for the merchandise, appellant said he was sent into the store to steal items in exchange for money. Nguyen contacted the police and an officer took appellant into custody and booked him into jail.

The Santa Clara County District Attorney charged appellant by felony complaint with one count of second degree burglary. (Pen. Code, §§ 459-460, subd. (b).) The complaint contained an allegation that appellant had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

On November 6, 2012, appellant entered a no contest plea and admitted the prison prior in exchange for a promised disposition of one year in county jail top/bottom. On December 21, 2012, the court suspended imposition of sentence and placed appellant on felony probation for three years on the condition that he serve one year in county jail. The court imposed various other terms and conditions of probation including that appellant not "go on the premises, parking lot adjacent or any store of Home Depot in the state of California."

Appellant filed a timely notice of appeal based on the sentence imposed.

On appeal, appellant contends that the probation condition requiring him to not enter the premises or parking lot of any Home Depot store is overbroad and must be modified.

*Discussion*

Appellant argues that the condition here is "clearly overbroad" because there are at least 14 Home Depot stores within 20 miles of his home zip code. Appellant contends that restricting him from entering these or any other Home Depot store or adjacent parking lot in California not only would prohibit him from shopping at such stores, but

2

would also keep him away from dozens of other stores located in Home Depot parking lots in violation of his fundamental right to travel.

The right to travel "is simply elementary in a free society.  Freedom of movement is basic in our scheme of values [citation]."  (*In re White* (1979) 97 Cal.App.3d 141, 149.) "The right of intrastate travel has been recognized as a basic human right" of constitutional dimension.  (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1100.) Furthermore, "other fundamental rights such as free speech, free assembly, and free association are often tied in with the right to travel."  (*In re White, supra,* 97 Cal.App.3d at p. 149.)  A plurality of the United States Supreme Court has recognized that "the freedom to loiter for innocent purposes is part of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment."  (*City of Chicago v. Morales* (1999) 527 U.S. 41, 53, fn. omitted (plur. opn. of Stevens, J.).)

A claim that a probation condition is unconstitutionally overbroad may be reviewed on appeal without an objection in the trial court if it is capable of correction without reference to the particular sentencing record in the trial court.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 878-879, 888-889 (*Sheena K.*).)

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "[W]here an otherwise valid condition of probation impinges on constitutional rights; such conditions must be carefully tailored, ' "reasonably related to the compelling state interest in reformation and rehabilitation. . . ." ' [Citations.]"  (*People v. Bauer* (1989) 211 Cal.App.3d 937, 942.)

"Under the overbreadth doctrine, ' "a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." ' [Citations.] 'A law's overbreadth represents the failure of draftsmen to focus narrowly on

3

tangible harms sought to be avoided, with the result that in some applications the law burdens activity which does not raise a sufficiently high probability of harm to governmental interests to justify the interference.' [Citation.]" (*In re Englebrecht* (1998) 67 Cal.App.4th 486, 497 [discussing challenges to a preliminary injunction].)

It is quite apparent that the purpose of the probation condition at issue here is to prevent appellant from entering Home Depot stores and taking merchandise without paying for it. "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction [preventing appellant from entering Home Depot stores to take merchandise] and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

Keeping appellant out of all Home Depot stores will have minimal effect on appellant's rehabilitation as he could simply decide to take merchandise from an endless list of other stores. Thus, although it might relate to avoiding recurrences of appellant's criminal conduct in Home Depot stores, it does not prevent him from engaging in his criminal conduct elsewhere. Thus, it is not closely tailored to appellant's rehabilitation. As appellant points out, the probation condition here is akin to an order directing a defendant to stay away from all persons with blonde hair because he assaulted a man with blonde hair. As such it casts too wide a net, and thus fails the requirement that it be narrowly tailored to the state interest in reformation and rehabilitation.

Generally, probation conditions requiring a probationer to "stay away" from certain people or places are commonly used in drug cases, gang cases, and certain other types of cases such as domestic violence cases or criminal threats cases.[2] As such, these

---

[2]     Penal Code section 136.2 authorizes a trial court, exercising jurisdiction over a criminal matter, to issue stay away orders to protect victims of violent crime from all communication or contact by the defendant. (Pen. Code, § 136.2, subds.(a)(4), (7)(A);

conditions relate to the nature or cause of the probationer's crime such as gang activity or drug possession, to the class of persons who would be a source of temptation to the probationer such as gang members and drug users or they are imposed to protect the actual victims of the probationer's crime.

Here, however, the condition requires appellant to stay away from all Home Depot stores and their parking lots in the state of California—stores that belong to a business corporation, not a person or class of persons related to the probationer's crime.

In *People v. Perez* (2009) 176 Cal.App.4th 380 (*Perez*), the Second District Court of Appeal struck down a probation condition that provided: " 'The defendant shall not attend any Court hearing or be within 500 feet of any Court in which the defendant is neither a defendant nor under subpoena. The defendant shall inform the probation officer prior to any Court appearance.' " (*Id.* at pp. 383, 386.) The court observed that the condition was neither "limited to protecting specific witnesses or parties" nor "confined to trials involving gang members" and, as written, it was "so broad" that it prevented activities unrelated to future criminality. (*Id.* at p. 384.)[3] The same is true of the condition at issue here. As written, effectively, the condition prohibits appellant from entering any store that shares a parking lot with a Home Depot store.[4]

Although we find that there is an obvious nexus between appellant's crime and the probation condition as it relates to the specific Home Depot store from which he took the merchandise, we believe that the condition should contain an exception that would allow

see *People v. Selga* (2008) 162 Cal.App.4th 113, 118 [authority does not extend to keep a defendant away from persons who are not victims or witnesses].)

[3] Although *Perez* concerned the constitutional right to access the courts (*Perez*, *supra*, 176 Cal.App.4th at p. 385), the constitutional right to travel is no less important. In fact, the "right is so important that it is 'assertable against private interference as well as governmental action . . . a virtually unconditional personal right, guaranteed by the Constitution to us all.' [Citation.]" (*Saenz v. Roe* (1999) 526 U.S. 489, 498.)

[4] Respondent suggests that appellant may enter any store that shares a parking lot with a Home Depot store as long has he abstains from entering through the parking lot. Respondent fails to explain how this is possible.

appellant to be on Home Depot property on legitimate business for the condition to pass constitutional muster. "[E]ven where probation access restrictions are appropriate, 'provision should be made to allow for lawful travel through the area of restriction *and for access to the area for legitimate purposes . . . .*' (*Oyoghok v. Municipality of Anchorage* (1982) 641 P.2d 1267, 1270, fn. 4, italics added; *In re White, supra,* 97 Cal.App.3d at p. 150 . . . ; *In re J.W.* (2003) 204 Ill.2d 50, 272 Ill.Dec. 561, 787 N.E.2d 747, 765; see also *State v. Churchill* (N.C.App.1983) 62 N.C.App. 81, 302 S.E.2d 290, 293 [probation provision restricting defendant's access to a transportation facility was valid because '[t]he court allowed defendant access to the terminal premises for the legitimate business purpose of traveling by bus'].)" (*Perez, supra*, 176 Cal.App.4th at p. 386.)[5]

*Disposition*

We strike the probation condition requiring appellant to not enter the premises or adjacent parking lot of any Home Depot store in California. As so modified, the judgment is affirmed.

---

[5] Frankly, we believe a much better way to achieve what seems to be the purpose of the probation condition at issue here is a condition of probation that is implicit in every order granting probation (*People v. Campos* (1988) 198 Cal.App.3d 917, 921; *People v. Cortez* (1962) 199 Cal.App.2d 839, 844) that appellant refrain from engaging in criminal practices, i.e. obey all laws.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.

7