Filed 5/14/25  P. v. Chism CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER CHISM,<br><br>     Defendant and Appellant. | E082399<br><br>(Super.Ct.No. FSB21001081)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  David Cohn, Judge.  Affirmed.

Christopher Stansell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Matthew Mulford and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Christopher Chism[1] pled no contest to being a felon in possession of a firearm.  (Pen. Code, § 29800, subd. (a)(1), count 1.)[2]  The court sentenced defendant to three years in state prison, suspended execution of the sentence, and placed him on formal probation for two years on various terms and conditions.  On appeal, defendant contends two of the conditions of his probation are unconstitutional.  We affirm.

## I.  FACTUAL AND PROCEDURAL HISTORY

The People charged defendant by information with being a felon in possession of a firearm (count 1), being in possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a), count 2), and being in unlawful possession of ammunition (Pen. Code, § 30305, subd. (a)(1), count 3).

Pursuant to a plea agreement, defendant pled no contest to the count 1 offense.  On the People's motion, the court dismissed the remaining charges.

The court sentenced defendant to three years in state prison but suspended execution of the sentence; the court placed defendant on formal probation for two years on various terms and conditions, all of which defendant had previously discussed with his counsel and to which he agreed.

One of the probation conditions requires that defendant, "not remain in or reenter the United States without proper written authorization by the Department of Homeland

---

[1]  Prior to oral argument, defendant filed a motion to anonymize his name in the opinion.  We deny the motion.  (*People v. Gregor* (2022) 82 Cal.App.5th 147, 152.)

[2]  All further statutory references are to the Penal Code unless otherwise indicated.

Security-Bureau of Citizenship and Immigration Services.  Upon reentering the United States, report forthwith to the Probation Officer with written proof of authorization."  Another condition mandated that defendant, "Participate in rehabilitative programs as directed by the Probation Officer."

## II.  DISCUSSION

### A.  Immigration Condition[3]

Defendant contends that the condition that he not remain in or reenter the United States without written authorization from the Department of Homeland Security and requiring him to show such authorization to probation is preempted by federal law and must be stricken.  We disagree.

"The '[p]ower to regulate immigration is unquestionably exclusively a federal power.'  [Citations]" (*In re Jose C.* (2009) 45 Cal.4th 534, 550; accord, *In re Y.M.* (2012) 207 Cal.App.4th 892, 908.)  "'However, it does not follow that all state regulations touching on aliens are preempted.'  [Citations.]" (*In re Y.M.*, at p. 908.)  "[S]tates and localities may assist in the enforcement of federal immigration policy." (*In re Jose C.*, at p. 540.)  "California generally may exercise its police power to regulate . . . misconduct, even when that misconduct is simultaneously the subject of federal prohibitions." (*Ibid.*)

---

**3** The parties appear to agree that because defendant's challenges to the conditions raise pure legal questions going to the constitutionality of the terms, he did not forfeit his arguments by failing to object below.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 882-889 ["An obvious legal error at sentencing that is 'correctable without referring to factual findings in the record or remanding for further findings' is not subject to forfeiture."].)

3

A court may not condition reentry into the United States upon the court's or a probation officer's permission. (*In re Adolfo M.* (1990) 225 Cal.App.3d 1225, 1233.) However, it may require a defendant to obtain permission from pertinent legal authorities before doing so. (*People v. Laufasa* (2010) 188 Cal.App.4th 436, 439 (*Laufasa*) [A probation condition may validly prohibit a person from "entering the country unless legally authorized to do so."]; *Alex O. v. Superior Court* (2009) 174 Cal.App.4th 1176, 1183 [Probation condition requiring the defendant to notify probation officer before he entered the United States was reasonable.].)

"Ordering that [a] defendant not enter the country illegally 'simply echoes existing federal requirements pertaining to immigration and the reentry of those subject to prior deportation proceedings . . . .' [Citations.]" (*People v. Laufasa*, *supra*, 188 Cal.App.4th at p. 439.) "Illegally entering the United States after deportation is a violation of probation under the implicit condition that the defendant obey all laws. [Citation.]" (*People v. Campos* (1988) 198 Cal.App.3d 917, 921.)

Here, the probation term at issue did not condition entry into the United States upon the court's or the probation officer's permission. Rather, the condition merely required that defendant not do something that was already illegal under federal law unless he had written authority to do so. This requirement echoes existing federal law. Moreover, the requirement simply more narrowly defines one of the broader conditions to which defendant had already agreed: that he violate no law. Thus, the court lawfully imposed the condition.

4

Defendant contends that the court's holding in *Arizona v. United States* (2012) 567 U.S. 387 (*Arizona*) implicitly overruled the court's decision in *Laufasa*. We disagree.

In *Arizona*, the state passed a law with the purpose of discouraging and deterring "'the unlawful entry and presence of aliens and economic activity by persons unlawfully present in the United States.'" (*Arizona*, *supra*, 567 U.S. at p. 393.) Of the four provisions of the law at issue in the case, two created new state misdemeanor offenses, which penalized failure to comply with federal alien registration requirements and made it unlawful for an illegal immigrant to seek or engage in work in the state. (*Id*. at pp. 393-394.) Two others permitted the arrest of certain illegal immigrants and provided that officers who stopped or arrested certain individuals make efforts to verify that person's immigration status. (*Id*. at p. 394.)

The court upheld preliminary injunctions as to the first three of the four provisions. (*Arizona*, *supra*, 567 U.S. at p. 416.) The court found that both substantive offenses were likely preempted by federal law. (*Id*. at pp. 402-407.) As to the third provision, the court found it provided "state officers even greater authority to arrest aliens on the basis of possible removability than Congress has given to trained federal immigration officers." (*Id*. at p. 408.) Thus, the court upheld the preliminary injunction. (*Ibid*.)

As to the fourth provision, the court found, "At this stage, without the benefit of a definitive interpretation from the state courts, it would be inappropriate to assume [it] will

5

be construed in a way that creates a conflict with federal law." (*Arizona*, *supra*, 567 U.S. at p. 415.)

First, two of the provisions of the law at issue created substantive legal offenses. Here, defendant's probation condition is not a substantive legal offense.

Second, the court found issuance of the preliminary injunction on the third provision proper because, in part, "The result could be unnecessary harassment of some aliens (for instance, a veteran, college student, or someone assisting with a criminal investigation) who federal officials determine should not be removed." (*Arizona*, *supra*, 567 U.S. at p. 408.)

Here, defendant would not be some innocuous individual being harassed by state officials. Rather, he is someone who has been convicted of a state law offense, who bartered for a suspended sentence with probation on various terms and conditions, including the very condition he challenges here, and for whom the applicability of the condition has already, apparently been determined.[4]

Third, the fourth provision, which the court found issuance of the preliminary injunction improper, required officers who arrested certain individuals to make efforts to verify that person's immigration status. (*Arizona*, *supra*, 567 U.S. at pp. 413-415.) Here, the condition of which defendant complains requires, in large part, that the probation

---

[4] We note that several probation conditions such as attendance of NA/AA meetings, victim restitution, and prohibitions on drug possession were crossed out on defendant's list of terms and conditions. We infer that this is because they did not apply to him; thus, those provisions that are not crossed out, which defendant initialed, and to which defendant expressly agreed, impliedly do apply to him.

6

officer verify defendant's immigration status. *Arizona* found such inquiries were not necessarily violative of the Constitution. Thus, the term is not federally preempted.

B. Rehabilitative Programs.

Defendant maintains the probation condition requiring that he participate in rehabilitative programs as directed by the probation officer violates separation of powers by impermissibly delegating judicial authority.

"By leaving key determinations to be decided ad hoc, a vague probation condition may [] result in an impermissible delegation of authority to the probation officer. [Citation.] Under the separation of powers doctrine (Cal. Const., art. III, § 3), judicial powers may not be delegated to nonjudicial officers. [Citation.] While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).)

"The court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation. However, the court's order cannot be entirely open-ended." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359 (*O'Neil*).)

A probation condition directing that a defendant participate in any treatment program when considering another condition requiring a defendant complete a drug and alcohol assessment and follow through with treatment as prescribed by the probation officer, passes constitutional muster. (*Smith*, *supra*, 79 Cal.App.5th at pp. 902-903.)

7

This is particularly true where the court's oral comments reflect that the defendant needs treatment for a substance abuse problem. (*Id*. at p. 903.)

However, where the condition includes the possibility of participation in a *residential* treatment program, as directed by the probation officer, it is an improper delegation of judicial authority. (*Smith*, *supra*, 79 Cal.App.5th at p. 903; *People v. Cruz* (2011) 197 Cal.App.4th 1306, 1310 [Invalidating probation condition that gave the probation officer "sole discretion" to decide whether the defendant should be subject to GPS monitoring]; *O'Neil*, *supra*, 165 Cal.App.4th at pp. 1355, 1359 [Invalidating condition which provided, "You shall not associate socially, nor be present at any time, at any place, public or private, with any person, as designated by your probation officer."]; contra, *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240-1241 [Upholding probation condition which directed defendant to "'[f]ollow such course of conduct as the probation officer may prescribe.'"]; *People v. Penoli* (1996) 46 Cal.App.4th 298, 307 [Upholding condition that probation officer may "unilaterally select a residential drug rehabilitation program and determine whether defendant successfully completed that program."].)

"'A probation condition should be given "the meaning that would appear to a reasonable, objective reader."' [Citation.]" (*In re D.N.* (2022) 14 Cal.5th 202, 211, quoting *People v. Olguin* (2008) 45 Cal.4th 375, 382 (*Olguin*).) "Following that precept, we read the challenged provision here not as delegating adjudicatory powers to the probation officer but as indicating the court's advance approval of an agreement that the probation officer might reach with" defendant. (*D.N.*, at p. 211.)

8

Here, since defendant was not convicted of an offense involving drug use and nearly all the probation conditions pertaining to alcohol or drug use were crossed out,[5] it seems highly unlikely the probation officer would direct defendant to participate in a residential treatment program. Unlike in *Smith*, the court here did not comment that defendant needed treatment for a substance abuse problem. In any event, we view the probation condition here in light of *D.N.* and *Olguin* and presume a probation officer will not interpret it in an irrational or capricious manner. (*Olguin*, *supra*, 45 Cal.4th 375 at p. 383.)

In any event, if a probation officer does interpret the condition in an arbitrary manner, defendant may then file a petition for modification of his probation condition. (See Pen. Code, §§ 1203.2, subd. (b)(1), 1203.3, subd. (a); *People v. Keele* (1986) 178 Cal.App.3d 701, 708 [trial court retains jurisdiction to review probation officer's actions]; *People v. Arevalo* (2018) 19 Cal.App.5th 652, 658 [If probation officer interprets probation condition in an arbitrary way, the defendant can file a petition for modification of his probation condition.].) Thus, the probation condition did not improperly delegate judicial authority to the probation officer.

---

[5] One remaining condition requires that defendant submit to a controlled substance test at the direction of the probation officer, court, or any peace officer.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.